Blackford, J.
The appellants sued the appellees in an action of debt on a replevin-bond.
The declaration states that Foresman made affidavit, that he *61 and another of the defendants, Earl, were the owners of the pork, hams, and lard, of a certain number of hogs, and that the same were unlawfully detained from them by the plaintiffs. The declaration also states that, on this affidavit, a writ of replevin was issued commanding the sheriff to take said property, and if Foresman and Earl should give security to prosecute, &o., then to replevy7 and deliver the property to them; that the sheriff took possession of the property, and therc-ipon took from the defendants a joint and several bond, conditioned that if Foresman and Earl should prosecute the writ uf replevin to effect, &c., and duly return the property in case, ifcc., then the bond should be void; that thereupon the sheriff ■delivered the property7 so replevied to Foresman and Earl; that afterwards Foresman and Earl filed their declaration in ihe replevin-suit; and that their writ was dismissed for want of jurisdiction, on the ground of defects apparent on the face of the affidavit and the writ; that Foresman and Earl did not prosecute their writ with effect, or make return; that the sheriff afterwards assigned.the bond to the plaintiffs; and that by means thereof an action has accrued, &c.
The defendants craved and obtained oyer of the bond and . condition set out in the declaration. The bond, as shown on oyer, is not joint and several, but joint only.
The following pleas in bar were filed: 1, Non damnijieatus. 2, If the plaintiffs have been injured, it was by their own wrong. 3, and 4, The goods were the property of Foresman and Earl. 5, Foresman and Earl were ready and willing, at, &c., to prosecute their writ of replevin with effect, but the Court, at the instance of the plaintiffs, dismissed the cause for want of jurisdiction, on the ground of defects apparent on the face of the affidavit and the writ; and no damages were recovered in the action of replevin, nor was a return of the property awarded. 6, The bond was executed without consideration. 7, The consideration of the bond was illegal. 8, No record of the replevin-suit. 9, This plea is substantially the same with the fifth pjea.
*TJpon motion of the plaintiffs, the first, second, *62 sixth, and seventh pleas were correctly rejected. Replication to the eighth plea, that there is such record.
General demurrers to the third, fourth, fifth, and ninth pleas. The demurrers were overruled, and judgment rendered for the defendants.
The only error assigned is, that the demurrers were improperly overruled
The third and fourth pleas are bad. The object of these pleas is to furnish an excuse for the failure of the action of replevin, and thus bar the present suit. But the fact, that the property replevied belonged to Foresman and Earl can not be a bar to the breach assigned, viz., their failure in the suit which they had brought for the unlawful taking of the property. Whether, on the execution of a writ of inquiry, after a judgment for the plaintiffs by default or on 'demurrer, the defendants might prove the property to be theirs in mitigation of damages, is another question with which we have now no concern.
The fifth and ninth pleas are also insufficient. There is no doubt that if the Court in which the bond was taken had no jurisdiction of the subject matter, the bond would be void and the pleas on that ground good. But there is not the slightest reason for saying that the Court had no jurisdiction of the replevin-suit. It might just as well be contended that the Court had no jurisdiction in debt or' assumpsit. It is contended that these pleas are valid, because they show that the replevin-suit was dismissed against the will of the plaintiffs in that suit; but such dismissal is no bar to the action. Fores-man and Earl were bound to obtain a judgment in their favour in the replevin-suit, or be liable with their sureties to an action on the replevin-bond. Brown v. Parker, in this Court, May term, 1840; Perreau v. Bevan, 5 Barn. & Cress., 284. They have failed to obtain such judgment; and the failure—whether it was owing to defects in their affidavit and writ, or to the want of a good declaration, or to their not having sufficient evidence to obtain a verdict—is a breach of the condition of the bond. The cases of Flagg v. Tyler, 3 Mass. Rep., 303, *63 and Roman v. Stratton, 2 Bibb, 199, show that the two pleas last named can not be supported.
J. Pettit, A. Ingram, Z. Baird, and J. L. Scott, for the appellants.
R. A. Lockwood and D. Mace, for the appellees.
*We are, therefore, of opinion that the pleas demurred to can not be sustained.
The demurrers to the pleas, however, require us to examine the declaration. We find there is a fatal variance between the bond described in the declaration and that shown on oyer. The declaration describes the bond to be joint and several; but the bond produced on oyer is not joint and several, but joint only. This variance renders the declaration bad on general demurrer, and shows that the judgment for the defendants must be affirmed. But as the judgment is to be considered as rendered against the plaintiffs on a demurrer to the declaration, it will be no bar to a subsequent suit on the replevin-bond. Stevens v. Dunbar, 1 Blackf., 56; Gilman v. Rives, 10 Peters, 298.
Per Curiam.—The judgment is affirmed.