WALLACE
v.
CLARK.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Dumont*, for the plaintiff.

WALLACE and Another *v.* CLARK.

To debt on a replevin-bond, a plea that the goods replevied belong to the principal obligor is bad.

But on the execution of a writ of inquiry, after judgment in such suit for the plaintiff on demurrer, evidence of such ownership is admissible in mitigation of damages.

*Thursday, December 5.*

ERROR to the *Vigo* Circuit Court. Damages were assessed and judgment was rendered, in the Circuit Court, in favour of *Clark*, the plaintiff.

SULLIVAN, J.—Debt on a replevin-bond by *Clark* against the plaintiffs in error. The condition of the bond is, that if *Joseph S. Wallace*, one of the plaintiffs in error, shall prosecute with effect and without delay a certain writ of replevin, sued out by him against *Clark*, and duly return the goods and chattels taken by the sheriff, &c., by virtue of said writ, if a return shall be awarded, then said bond shall be void, &c. The breaches assigned are, that *Wallace* wholly failed to prosecute his suit with effect, &c., but, on the contrary thereof, became and was nonsuit; and that *Wallace* has failed to return said goods and chattels, as by the judgment of the Court he was ordered to do. Plea, that the goods and chattels, named in the condition of the bond, were the property of *Joseph S. Wallace*. To this plea, there was a general demurrer, which was correctly sustained by the Court. *Sherry* v. *Foresman*, 6 Blackf. 56. On the execution of the writ of inquiry, the defendants in the Court below offered to prove, in mitigation of damages, that the property mentioned in the condition of the bond was the property of *Joseph S. Wallace*, and that *Clark* never had a title to it. The plaintiff objected, and the Court excluded the testimony.

The question before us is attended with some difficulty.

Our conclusion however is, that the Court erred in rejecting the testimony. The determination of a replevin-suit may or may not be conclusive of the right of property, according to the circumstances of the case. When the right of property is put in issue and decided on, it is then *res adjudicata*, and cannot, on general principles, be again inquired into in a suit between the same parties. If, however, the right has not been tried, it remains, as a matter of course, an open question. The amount of damages in an action on a replevin-bond, must depend very materially on the right of the plaintiff to possess and retain the property. If the property belonged to him, his damages would be according to its value. But if he had no right whatever to the property, he sustained no damage by the refusal of the obligor to return it. There is therefore a propriety, when the amount of damages is the question, in allowing the defendant to show that the plaintiff had no claim to the property.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. D. Griswold* and *J. P. Usher*, for the plaintiffs.
*A. Kinney* and *S. B. Gookins*, for the defendant.