## BRANDON *v.* JUDAH, Administrator.

*A.* and *B.*, having been partners, dissolved the partnership, and *B.* received, and undertook to collect and account for the partnership claims. *B.* died, and the uncollected claims came into the hands of his administrator. Complaint by *A.* against the administrator, for having carelessly lost the claims, to the plaintiff's damage, &c. *Held*, on demurrer, that the suit would lie.

Where a former recovery is pleaded to an entire complaint, if a part of the demand was not included within the former recovery, the fact should be set up by reply.

One good plea, or paragraph of an answer, going to the entire cause of action, bars the action.

ERROR to the *Marion* Circuit Court.

PERKINS, J.—Covenant by *Jesse Brandon* against *Judah*, as administrator of the estate of *Armstrong Brandon*, deceased, upon an instrument executed by the latter, in his lifetime, to *Jesse*, whereby he undertook to collect and account for certain moneys. The contracts and undertakings between the parties are stated in *Judah* v. *Brandon*, 5 Blackf. 506, and need not be more particularly set forth here. Four breaches are assigned in the declaration. The fourth alleges that the notes and accounts transferred to

*Armstrong Brandon,* which he was to collect, &c., or a part of them, came to the hands of *Judah,* as administrator, &c., and had been by him carelessly lost, &c.

To this breach a demurrer was sustained; and the ruling is justified on the ground that *Armstrong* and *Jesse Brandon* had been partners; that the notes and accounts alleged to have been lost, were their partnership notes and accounts; and that, on the death of *Armstrong,* the right to collect them survived to *Jesse,* and, hence, that *Armstrong's* administrator could not be liable for them.

This reasoning is not sound. The partnership had been dissolved before the death of *Armstrong,* and he had received, and undertaken to collect and account for the partnership claims. To accomplish this, he would have necessarily used the name of the partnership. Now, it is probable that *Armstrong's* administrator had a right to proceed and complete what *Armstrong* had undertaken, using, in suits, the name of the surviving partner. Perhaps it was his duty to do so. At all events, if he had not this right, and was not charged with this duty, it is beyond doubt that he was bound to use due care in preserving, and returning to the surviving partner the notes and accounts in question, that such partner might collect them. But the breach is, that by carelessness, &c., he lost them, &c., whereby damage, &c. The demurrer should have been overruled.

To the other breaches the defendant pleaded the judgment in the case reported in 5 Blackf., *supra,* as a former recovery. The plaintiff demurred, and the Court overruled the demurrer and gave final judgment for the defendant.

The plaintiff complains of this ruling, and insists that the former judgment pleaded embraced only such amounts of the notes, &c., as had then been collected, and that this suit is for subsequent collections, &c.; but the plea is in the usual form, containing all the averments given by *Chitty,* that that suit embraced and determined each and all the matters involved in this, &c.

If, as the plaintiff argues, this suit is for moneys collected, or lost by failure to collect, subsequently to the

institution of the suit pleaded; if, in short, it is not for the same cause or causes of action determined in that suit, the fact might have been made to appear in evidence, under a proper replication to the sixth plea.

But one good plea, or paragraph of an answer, to the whole cause of action, bars the suit.

*Per Curiam.*—The judgment is affirmed with costs.

*W. W. Wick* and *L. Barbour*, for the appellant.

*S. Judah*, for the appellee.