## SMITH and SMITH *v.* LISHER.

PLEADING.—Matters in mitigation only, except in actions. for libel and slander, can not be specially pleaded, or set up by way of answer, but may be given in evidence under the general denial.   Page. 502.

REPLEVIN BONDS—MITIGATION OF DAMAGES.—Where there was a final trial, in a replevin suit, and a judgment against the defendant for the return of the property, he can not, in a suit upon the replevin bond, for a failure to return the same, avoid a recovery of its value, by showing that it was the property of a stranger.   Page 504.

EVIDENCE.—In a suit upon a replevin bond, where the answer was a general denial, the plaintiff should give in evidence the undertaking sued on to entitle him to recovery.   Page 504.

BILL OF EXCEPTIONS.—The undertaking sued on is not copied into the bill of exceptions, but it is copied into that part of the record containing the complaint, and the bill of exceptions contains the statement, "The plaintiff, to sustain the issue on his part, introduced in evidence the *writing* and judgment mentioned in the complaint," and no other writing than the undertaking sued on is mentioned in the complaint.

*Held,* that as a copy of the undertaking is set out in the record with the complaint, a reference to it in the bill of exceptions is sufficient, and dispenses with the necessity of again copying it into the record.

*Held,* also, that the bill of exceptions is defendants', and is presumed to have been prepared by them, or by their attorney; it admits the writing was given in evidence, and if it was necessary that it should be copied into the bill of exceptions, it was the duty of the draftsman to do it, and the defendants can not be heard to complain of the neglect.   Page 505.

APPEAL from the *Shelby* Circuit Court.

ELLIOTT, J.—*Lisher*, the appellee, sued the appellants on the following undertaking:

"JAMES SMITH
    *v.*     } *Shelby* county Common Pleas Court.
GEORGE LISHER.

"We undertake that the plaintiff, *James Smith*, shall prosecute this action with effect and without delay, and return the property in controversy to the defendant, if a return be adjudged by the court, and pay him all such sums of money as he may recover against the plaintiff in this action for any cause whatever.

(Signed)                            "JAMES SMITH,
                                         DAVID SMITH.

"Approved by me, *February* 7, 1861.
                              "HENRY DOBLE, *S. S. C.*

It is averred in the complaint, that the said *James Smith* filed his complaint in the clerk's office of the Common Pleas Court of *Shelby* county, "alleging, among other things, that this plaintiff, who was made defendant in said complaint, had the unlawful possession of one brown mare, about three years old, of the value of $110, which said defendant alleged to be his property, and to which he was entitled to the possession, and then and there procured from the clerk of said court, a writ of replevin to replevy said mare;" that said writ was placed in the hands of the sheriff of said county, who took said mare from the possession of the plaintiff, and delivered her to the said *James Smith*, upon his executing the undertaking above set forth; that afterward, at the *July* term of said court, on the final hearing of said cause, "it was ordered and adjudged, among other things, that the plaintiff in this action, who was the defendant therein, have return of said property, and that the said defendant, *James Smith*, pay the costs of said suit. It also avers the failure and refusal of *Smith* to return the mare. A copy of the undertaking is made part of the complaint.

The defendants answered in three paragraphs, to all of which a demurrer was sustained, and properly excepted to. The defendants then answered by a general denial. Trial by the court by agreement of parties; finding for the plaintiff; motion for a new trial by the defendants overruled, and judgment for the plaintiff.

No question is raised here upon the ruling of the court below, in sustaining the demurrer to the *first* and *second* paragraphs of the answer. But it is insisted that the court erred in sustaining the demurrer to the *third* paragraph. That paragraph is as follows:

"3. And for further answer in mitigation of damages as to the failure to return said mare, they say that the plaintiff ought not to recover his judgment against them, because they say that the said mare which plaintiff charges defendant," etc., "then was, and now is, the property of one *Marion Smith*, and that the said *Marion* was at that time, and at the time of making of the writing sued upon in the case, entitled to the possession thereof, and not the plaintiff, and that the title and ownership of said property was not adjudicated in the action, trial, and judgment mentioned in the complaint."

This is not an answer in bar of the action or any part of it; it is not pleaded as such, but only in mitigation of damages, and is bad for that reason. Matter in mitigation only, can not be specially pleaded or set up by way of answer, but may be given in evidence under the general denial.

It is provided, by the 87th section of the code, that in all actions for libel or slander, "the defendant may allege the truth of the matter charged as defamatory, and mitigating circumstances to reduce the damages, and give either or both in evidence;" but this provision, by its terms, is confined to actions for libel and slander. And we know of no authority, either at common law or by statute, allowing matters in mitigation only, except in actions for libel and slander, to be specially pleaded, or

set up in the answer, and for that reason the demurrer was correctly sustained.

But we think the ruling of the court was correct for another reason; viz: because the matter stated in the paragraph is not legitimate to be shown in mitigation of damages. We are referred to the case of *Wallace* v. *Clark*, 7 Blackf. 298, in which it is held that the plaintiff, in a replevin suit in which he was non-suited, may, when sued on his bond given in such suit, prove in mitigation of damages that the property mentioned in the condition of the bond was his property. Mr. *Sullivan*, J., in delivering the opinion of the court, says: " The determination of a replevin suit may or may not be conclusive of the right of property, according to the circumstances of the case. When the right of property is put in issue and decided on, it is then *res adjudicata*, and can not, on general principles, be again inquired into, in a suit between the same parties. If, however, the right has not been tried, it remains, as a matter of course, an open question."

In the case at the bar, the complaint does not show the nature of the issue in the replevin suit, but avers that, on the final hearing of the cause, it was adjudged that the defendant therein have return of said property. And the answer under consideration denies that the right of property was adjudicated or determined in that trial. In the case of *Wallace* v. *Clark, supra*, the *plaintiff* in the replevin suit claimed the right of property, but was non-suited, and hence no final determination of the question was made. His failure to recover in the suit was a breach of his bond, and rendered him liable to return the property, and when sued on the bond for failing to return it, he offered to prove in mitigation of damages that the property in truth was his. The question had not been determined in the replevin suit, and there would seem to be good reason for holding that he should be allowed to show that fact in mitigation of damages. This is quite a different case; here there was

a final trial, and finding and judgment against the defendant, and for the return of the property, which is *prima facie* evidence, at least, that the mare did not belong to *James Smith,* the plaintiff in the replevin suit, nor does the answer assume that it did; but, on the contrary, avers it to have been the property of a stranger. If the allegation is true, then *Lisher,* having the possession, had a good title as against *Smith,* and his suit was wrongful; and having thereby procured the possession of the mare, and then refused to return her in obedience to the judgment of the court, and the condition of his undertaking, he can not be allowed to avoid a recovery for her value by showing that she was the property of a stranger.

The question was again raised on the trial by an offer to prove the same facts in mitigation of damages under the general denial, but the court refused to allow the evidence to be given. An additional reason, however, then appeared why the evidence was inadmissible, in the fact that, before such evidence was offered, the plaintiff had given in evidence the finding and judgment in the replevin suit, by which it appears that the court found "the property mentioned in said complaint and writ of replevin in said defendant, and that he have possession thereof." This finding and the judgment thereon is conclusive between these parties as to the right of property in the mare.

One other question is urged by the appellants for the reversal of the judgment. They insist that, under the general denial, the plaintiff below should have given in evidence the undertaking sued on to entitle him to a recovery.

The point is well taken if the facts sustain it, but we think they do not. True, a bill of exceptions purports to contain all the evidence given in the cause, and the undertaking is not copied into it; it is, however, copied into that part of the record containing the complaint; and the bill of exceptions contains this statement: "The plaintiff, to sustain the issue, on his part introduced in evidence the

*writing* and judgment mentioned in the complaint." No other *writing* than the bond or undertaking on which the action is founded, is mentioned in the complaint, and as a copy of it is set out in the record with the complaint, we think the reference to it in the bill of exceptions is sufficient, and dispenses with the necessity of again copying it into the record. Besides, the bill of exceptions is the defendants', and is presumed to have been prepared by them or their attorney. It admits that the *writing* was given in evidence, and if it was necessary that it should be copied into the bill of exceptions, it was the duty of the draftsman to do it, and the defendants can not be heard to complain of the neglect.

The judgment is affirmed with costs.

*Thomas A. Hendricks* and *Oscar B. Hord*, for appellants. *M. M. Ray*, for appellee.