### Denny *v.* Reynolds and Another.

Replevin.—Suit on Bond.—Where the right of property has been tried in an action of replevin, it becomes *res adjudicata,* and cannot, nor can any other issue tried and determined in such suit, be again put in issue in an action on the replevin bond.

**APPEAL** from the *Knox* Common Pleas.

#### ABSTRACT.

This is a suit brought by the plaintiff below on a replevin bond. The appellant, defendant below, filed his answer, setting up, among other things, that the *Stantons,* the execution defendants, and from whom he purchased the property replevied, had other property subject to execution in their possession, to the amount of $3000, none of which had been sold at the time the said execution came into the hands of *Reynolds,* the sheriff; and that *Reynolds,* with a full knowledge of all these facts, and with a full knowledge of the sale of the property, levied upon and

took from appellant said property; that since the levy was made, the said sheriff *Reynolds* permitted the said *Stanton* to take out of this state all of said property, and that said *Stantons* are now insolvent, and appellant is without remedy, caused by the negligence of said sheriff *Reynolds.* To this answer, the plaintiffs below demurred, the demurrer was sustained, and appellant excepted, and this ruling presents the only question in the case. Appellant insists ·that this answer showed a state of facts which entitled him to the relief demanded.

RAY, J.—The record of the judgment filed with the complaint in the court below shows a submission of the issues in the replevin suit to the court, and a finding for the defendant in the action.

The only issues involved were, whether the property in controversy was owned by the *Stantons,* and if so, whether it was liable to execution at the time the writ came into the hands of the sheriff. The finding of the court involved a decision of these issues, and the judgment rendered was, therefore, conclusive upon the appellant. The answer, in the case under consideration, attempts to present the same issue as matter of defense to the action upon the bond. This cannot be done. In the case of *Wallace* v. *Clark,* 7 Blackf. 298, Mr. Justice SULLIVAN, in delivering the opinion of the court, uses this language: "When the right of property is put in issue and decided upon, it is then *res adjudicata,* and cannot, on general principles, be again inquired into in a suit between the same parties." This is the rule as to all questions involved in the decision of the replevin suit. The demurrer was, therefore, properly sustained.

The judgment is affirmed, with 3 per cent. damages, and costs.

*N. Usher, F. W. Viehe* and *C. M. Allen,* for appellant.

*J. Baker,* for appellees.