## CARR *v.* ELLIS ET AL.

REPLEVIN.—*Title to Property.—Suit on Bond.*—Where property has been replevied from under a levy by virtue of an execution, and on the trial there has been a finding for the defendant on the issue of title to the property, and a judgment of return has been rendered, the plaintiff cannot afterward defend a suit on the bond, for a failure to deliver the property, by asserting a new title to the property, acquired after the bond in replevin was given and before judgment for a return.

APPEAL from the Henry Circuit Court.

BUSKIRK, J.—The facts necessary to a proper understanding of the question in the case, are these:

James Kinsey held a judgment against James J. Hamilton, in the Henry Circuit Court, for about three hundred dollars. On the 16th day of April, 1867, an execution was issued, in

due form of law, upon the said judgment, and was placed in the hands of the appellant, who was the duly elected and acting sheriff of the said county of Henry, who by virtue thereof, on the said day, levied on a cow as the property of the said judgment defendant.   Ellis claimed to be the owner of the said cow by purchase of the said Hamilton on the 13th day of April, 1867.   Ellis commenced an action of .replevin for said cow and executed a bond for the due prosecution of said action, with the other appellees as his securities, and the cow was delivered to him.   The action of replevin was tried, and resulted in a finding that the cow levied on and in dispute was the property of Hamilton, and subject to be sold upon the said execution.   There was a judgment for the return of the said cow.   Ellis failed to deliver the cow to the appellant.   The appellant brought an action on the said replevin bond.   The appellees answered in two paragraphs.   The first in denial.   The second paragraph was as follows:

"The defendants, for further answer herein, say that they admit the execution of the replevin bond sued on, but they say that the cow mentioned in the said bond was formerly the property of one James J. Hamilton, of said county of Henry, and was owned by the said Hamilton on the — day of April, 1867; and they aver that a tax lien had attached to the said property for taxes then due and unpaid, from and by the said Hamilton; and they aver that the said Hamilton removed from the said county in April, 1867, and left no other property in said county, to and upon which a tax lien had attached; and they further aver that the treasurer of said county levied his warrant and execution upon said cow, and advertised and sold said cow according to law, to pay the tax of the said Hamilton, then being delinquent on his, the treasurer's, duplicate; and that J. W. Ellis, as the highest bidder, bought said cow at said tax sale of the treasurer, at and for the price of thirty dollars, on the 8th day of June, 1867; and the defendants aver that said levy and sale by the said treasurer was after the bond sued on

was executed, and before the final judgment was rendered, mentioned in the complaint. Therefore, the defendants say that J. W. Ellis, the principal in said bond, is the real owner of said cow at this time, and not legally bound to make return thereof; and they ask judgment."

The appellant demurred to the second paragraph of the answer. The demurrer was overruled, and the appellant excepted. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the appellees. The court overruled a motion for a new trial, and the appellant excepted.

The appellant has assigned for error the overruling the demurrer to the second paragraph of the answer and the motion for a new trial.

The first question presented for our decision is, whether the facts alleged in the second paragraph of the answer constituted a bar to the action on the replevin bond?

Ellis, on the 17th day of April, 1867, commenced his action of replevin for the cow in dispute, executed the bond sued on, and obtained the possession of the cow. In his complaint and affidavit he averred that he was then the owner of the cow, and entitled to the immediate possession thereof. This allegation was put in issue. The issue thus formed was tried, and resulted in a finding that Ellis was not the owner of the cow, but that she belonged to Hamilton, and was subject to sale upon the execution in the hands of the sheriff, who is the appellant here. There was judgment on the finding, and an order for the return of the cow.

Ellis failed to make return, and the sheriff brought this action on the bond, and Ellis pleads in bar of this action that he acquired the title to the cow after the commencement, but before the trial, of the action, by purchase at a tax sale, on a lien that existed prior to the commencement of the action of replevin.

The real issue that was involved in the trial of the action of replevin was, whether the plaintiff was the owner of and entitled to the immediate possession of the cow at the time

when the action was commenced, and if he was then the owner and entitled to the possession of the property, he is not liable on his bond.

That issue was tried and decided against the plaintiff in that action.   There was an order for the return of the property.   It was not returned.   The condition of the bond was as follows: "Now, if said J. W. Ellis shall prosecute said complaint to effect, and return said property, if return be awarded to said Robert B. Carr, and pay all costs and damages adjudged against him in said action, then said obligation to be void."

The refusal of Ellis to return the property to Carr, in pursuance of the award of the court, constituted a breach of the condition of the bond, and entitled the appellant to his action thereon.

It was held by this court, in *Wallace* v. *Clark*, 7 Blackf. 298, that "when the right of property is put in issue and decided on, it is then *res adjudicata*, and cannot, on general principles, be again inquired into in a suit between the same parties."

In *Davis* v. *Crow*, 7 Blackf. 129, it was said by this court: "We think the two demurrers were correctly sustained.   The third plea, that the property belonged to the plaintiff in replevin, was no answer to the action for the penalty of the bond, nor did it suit the breach of the condition subsequently assigned, that the plaintiff in replevin failed to prosecute his suit with effect, etc.   *Sherry* v. *Foresman*, 6 Blackf. 56."

It was held by this court, in *Smith* v. *Lisher*, 23 Ind. 500, that where the title to property had been put in issue, in an action of replevin, and decided, the decision was final and conclusive between the parties, and could not again be raised and tried in an action on the replevin bond; and it was further held, that in an action on a replevin bond the defendants could not plead in bar of the action, or prove in mitigation of damages, that the property was the property of a stranger.

It was said by this court, in *Denny* v. *Reynolds,* 24 Ind. 248, which was an action on a replevin bond, that "the only issues involved were, whether the property in controversy was owned by the Stantons, and if so, whether it was liable to execution at the time the writ came into the hands of the sheriff. The finding of the court involved a decision of these issues, and the judgment rendered was, therefore, conclusive upon the appellant. The answer, in the case under consideration, attempts to present the same issue as matter of defence to the action upon the bond. This cannot be done."

We regard the above authorities as decisive of the question under consideration. We are quite clear that the matters pleaded in the second paragraph of the answer constituted no defence to the action, and that the court erred in overruling the demurrer. As to the doctrine of *res adjudicata,* see *Whitney* v. *Lehner;* 26 Ind. 503; *Abdil* v. *Abdil,* 33 Ind. 460.

The conclusion reached renders it unnecessary to determine anything as to the second error assigned.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and sustain the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.

*J. Brown* and *R. L. Polk,* for appellant.

*W. F. Walker,* for appellees.