## LANDERS ET AL. *v.* GEORGE ET AL.

CHATTEL MORTGAGE.—*Replevin.*—*Possession of Mortgaged Property.*—*Levy on Same.*—*Conclusiveness of Judgment in Replevin.*—Where mortgagees of personal property instituted an action of replevin against a sheriff, who had levied on the property, and the sheriff answered by a general denial, and also that he levied on the property by virtue of certain executions, and that it was at the time in the possession and the property of the execution defendants, and subject to the levy, and the record showed that after a demurrer was sustained to a reply of the mortgagees, the cause was "submitted to the court for trial as to the value of the property," and the court thereupon found the value, and that the defendant (the sheriff) was entitled to have the same returned to him, and, on failure to return, that he recover the value thereof, and assessed damages for the detention of the property, and rendered judgment on the finding;

*Held,* that the case went to the court for a full trial of the issues, notwithstanding what the clerk said as to what was to be tried, and that such proceedings would conclude the mortgagees, in a suit against them on the replevin bond by the sheriff and the execution plaintiffs, as well as in a suit by such mortgagees against the sheriff and the execution plaintiffs, claiming the property and the proceeds of it under their mortgage, as to the title, right of possession, and value of the mortgaged property, and all remedy to enforce their rights under the mortgage, as against the sheriff and the execution plaintiffs.

SAME.—The fact that the possession of mortgaged personal property has been surrendered by the mortgagor to the mortgagee will not prevent a sheriff, holding executions in favor of other creditors of the mortgagor, from levying upon and selling the equity of redemption, until the mortgagee has, by legal notice and sale of the goods or by a judicial foreclosure and sale, cut off the equity of redemption.

SAME.—Where it is provided in a chattel mortgage that, in default of payment of the mortgage debt, the mortgagor shall deliver the property to the mortgagee, such delivery will not vest the absolute ownership of the property in the mortgagee or free the property from the equity of redemption.

SAME.—*Action on Replevin Bond.*—Where the court in an action of replevin finds in favor of the defendant, that he is entitled to a return of the property, and finds its value, and renders judgment for the return and, on failure to return, for the value of the property, this will give the defendant a right of action on the replevin bond for the amount of damage to him, not exceeding the value of the property not returned.

RECORD.—*Conclusiveness of.*—Where the record in a cause tried shows what was found and adjudged by the court, a party cannot allege and prove in a collateral proceeding that such matters were not determined.

From the Tipton Circuit Court.

*J. E. McDonald, J. M. Butler, W. R. Harrison,* and *W. S. Shirley,* for appellants.

*J. Hanna, F. Knefler,* and *C. L. Holstein,* for appellees.

DOWNEY, J.—This record presents two cases between the parties; one commenced by the appellants against the appellees, and the other commenced by the appellees against the appellants. It presents also a question as to the operation and effect of a judgment in a third case between the parties, which was terminated before the commencement of the other two. This last named action, which we will for convenience designate as number one, was brought by Landers and others against George, sheriff of Tipton county, for the recovery of the possession of personal property, consisting of a stock of dry goods, groceries, provisions, etc., of which it was alleged the plaintiffs were the owners and entitled to the possession, and which had been wrongfully taken, and were unlawfully detained, by the defendant. The goods were alleged to be of the value of eighteen hundred dollars. Judgment was asked for the recovery of possession of the property, and for ten dollars damages for the detention thereof.

The defendant answered:

1. A general denial.

2. Property in Harlin and Boulden.

3. Property in the defendant.

4. That certain judgments had been rendered against Harlin and Boulden, on which executions had been issued to the said George, as sheriff, which he had levied on the goods, which he alleged were at the time the goods of Harlin and Boulden, in their possession, and subject to the executions; that the executions were still in his hands, and the goods subject to the lien thereof.

The second and third paragraphs of the answer were struck out on motion of the plaintiffs, and there was a reply to the fourth, a demurrer to which was filed by the defendants and sustained by the court.

The record in the cause then proceeds as follows: "And

the plaintiff failing to except further, this cause is now submitted to the court for trial as to the value of the property mentioned in the complaint; and the court having heard and examined all the evidence, and being sufficiently advised in the premises, does find that the property mentioned in the complaint is of the value of two thousand nine hundred dollars, and that the defendant is entitled to have the same returned to him, and upon failure of the plaintiffs so to return the same, is entitled to recover the value thereof; and the court assesses the damages of the defendant against the plaintiffs, on account of the detention of said property, at the sum of one dollar.

" It is therefore considered by the court, that the defendant recover of the plaintiffs the sum of one dollar, his damages assessed by the court, and all costs and charges, etc.; and further, that he recover of the plaintiffs the property mentioned in the complaint; and, upon the failure of the plaintiffs to return to the defendant said property, that he recover of the plaintiffs the value thereof, viz., the sum of two thousand nine hundred dollars."

The residue of the entry relates to the prayer for, and the granting of, an appeal to this court. This appeal was perfected, and, in this court, the judgment below was affirmed. See 40 Ind. 160.

Before the appeal was taken in that case, however, a suit on the replevin bond, which we may designate as number two, was instituted by the appellees in this case, the sheriff and the plaintiffs in the executions which he held, against the appellants herein.

The complaint sets out in detail the recovery of the several judgments against Harlin and Boulden, the issuing of executions, their levy on the property, the institution of the action of replevin, the execution of the bond, the issue and judgment in the replevin suit, the failure of the appellants herein to return the goods according to the judgment in the replevin suit; concluding with a prayer for judgment for the value of the goods, two thousand nine hundred dollars.

While the appeal in the replevin suit was pending in this court, the suit on the replevin bond, number two, was suspended. After the case number one was decided on appeal, the defendants in that action answered, in number two, on the replevin bond:

1. A general denial.

2. The second paragraph was held bad on demurrer, after a portion of it had been struck out; no question is made as to this ruling.

3. In the third paragraph, as to part of the amount demanded, the defendants alleged, that before the issuing and levy of the executions, on the 15th day of January, 1869, Harlin and Boulden were the owners of the stock of goods, etc., and were indebted to the defendants in certain amounts mentioned, and being so indebted they, on the day and year aforesaid, executed to the defendants a bill of sale of the stock of goods, etc., to secure the payment of said debts; that the same was duly acknowledged and recorded on the day of its date in the office of the recorder of Tipton county, etc., being the county in which the said goods, etc., were then situated, and in which the mortgagees resided; that said Harlin and Boulden failed to pay said debts, and the condition of the bill of sale was broken before the issuing of the said executions or either of them; and that the lien of sale entitled the defendants, upon said forfeiture, to possession of so much of said stock of goods; wherefore the defendants say, as to so much of the value of said goods, etc., as was necessary to satisfy said debts, the said plaintiffs are not entitled to any judgment upon said undertaking, being the amount aforesaid.

4. This paragraph does not present any question which at all affects the case, as it comes before us.

5. That it is true the plaintiffs brought their action of replevin and executed the undertaking, etc., as set forth in the complaint, and that judgment was rendered against these defendants, the plaintiffs in said action; but these defendants say that the only matter, question, or issue submitted to the court upon the trial and final hearing of said action of replevin,

and the only matter, question, or issue in said action which was competent and lawful for said court to try, upon the submission of said cause for trial as shown by the record therein, was the matter, question, and issue as to the value of the property mentioned in the complaint therein, and that the title and ownership of the property and the right to the possession of said property were not, nor either of them, submitted to or tried or determined by said court in said cause ; and they aver that at and before the time of the execution of said undertaking, and at the time of the said submission to trial of said matter, the said plaintiffs in that action were the owners, had the title, and were entitled to the ownership of said property and the proceeds thereof; that they were so the owners thereof and entitled to the possession thereof and to the proceeds thereof, by virtue of a mortgage made by Harlin and Boulden to them, a copy of which is alleged to be filed, and of the delivery of said goods to them, in discharge of the debts secured by said mortgage, after the execution of said mortgage upon the maturing of said debts, they not having paid said debts or any part thereof, or in any other manner than by the delivery of said property.

The paragraph then professes to make a copy of the mortgage and a transcript of the judgment and proceedings in the action of replevin parts thereof.

It is further alleged that the delivery of the said property to them by Harlin and Boulden, in pursuance of the mortgage, was before the time of the rendition of the said judgments stated in plaintiffs' complaint, or any of them, and long before the issue or service of any of said executions, and that said property was of no greater value than the amount of the debts due from said Harlin and Boulden to said Landers and others ; that all the matters involved and embraced in plaintiffs' complaint herein are involved and embraced in the complaint of the defendants against the plaintiffs in this action now pending in this court, and can and must be determined in said action, and they therefore ask that this cause be consolidated, tried, etc., in and with that action ; wherefore, etc.

The plaintiffs demurred to the third and fifth paragraphs of the answer. The demurrer to the third was overruled, and that to the fifth was sustained.

Reply in denial of the third paragraph of the answer.

Cause number three was commenced last in order of time, and was by the appellants against the appellees. In the complaint it is alleged, that on the 15th day of January, 1869, at, etc., Harlin and Boulden were indebted to the plaintiffs, stating the amounts, and copies of the notes are alleged to be filed and made part of the complaint; that they were then the owners of the goods, etc., and mortgaged the same to the plaintiffs, and a copy of the mortgage, it is alleged, is filed, which was duly recorded, etc., on the day of its date; that afterward, in January, 1869, Harlin and Boulden delivered the goods to the plaintiffs, in pursuance of the mortgage, they having failed to pay said debts, etc., to enable the plaintiffs to sell and dispose of the same, and out of the proceeds to satisfy their debts; that at the time of such delivery, the said goods, etc., were of no greater value than the amount of said debts of Harlin and Boulden to the plaintiffs; that the plaintiffs, in the most careful and economical manner, sold the goods and received therefor about eighteen hundred dollars, and no more; that the expenses of such sale were about one hundred and forty dollars, leaving the net sum of about sixteen hundred and sixty dollars, and no more.

The dates and amounts of the judgments of the defendants are then stated, and it is alleged, that on the 5th day of February, 1869, executions were issued on each of said judgments to the defendant George, then sheriff of said county, which were then levied on the said goods, etc.; that such proceedings were had, that afterward, in the replevin suit, naming the parties, on the 8th day of May, 1869, these plaintiffs were ordered and adjudged to deliver said merchandise to the said George, as such sheriff; but before that time these plaintiffs had, in pursuance of their said mortgage and the delivery and transfer to them of said goods, etc., by Harlin and Boulden, fully sold and disposed of said goods, etc., as before averred. They aver

that they yet have in their possession the said sum of sixteen hundred and sixty dollars, the net sum realized from the sale of said goods, which they aver belongs to them by virtue of said mortgage and transfer of merchandise to them. They allege that the lien of said executions upon said merchandise has been fully and wholly discharged, by reason of the fact that the proceeds of the same were wholly applied to pay their said mortgage, which was a lien on said goods, etc., prior to the judgments and executions of the defendants; prayer, that the plaintiffs be adjudged the owners of the sum of money realized from the sale of said goods, etc.; that the defendants be adjudged to have no lien on the merchandise by virtue of their judgments and executions or the levy thereof; that defendants be enjoined from enforcing said judgments for the return of said merchandise, or from having any action or proceeding arising out of, or connected with, said judgment, etc.

The mortgage, a copy of which is filed, is in the usual form of chattel mortgages, and in the condition, or defeasance, provides as follows: " Now if the said Harlin and Boulden shall punctually pay said sum of money when the same shall become due, then the above conveyance to be void, otherwise to be in full force. The said Harlin and Boulden are to retain possession of said property until said debts become due, and upon default of payment of said money, shall deliver said property to Landers, Condit & Co., and Landers, Pee & Co., in proportion to the amount of their respective claims against said Harlin and Boulden."

The defendants in this case, appellees here, answered:

1. A general denial.

2. Payment by Harlin and Boulden before the suit was brought, in money and property other and different from the goods, etc., mentioned in the complaint.

3. This paragraph was adjudged insufficient on demurrer, and need not be set out.

4. That long before the commencement of this action, the plaintiffs, in an action by them instituted in the Tipton Circuit Court against Henry George, sheriff, etc., claimed by their

complaint to be the owners and entitled to the possession of said personal property ; that the cause was put at issue; that by the record and judgment in said cause, it was adjudged and determined that said goods were of the value of twenty-nine hundred dollars; that the question as to the value of said goods was in issue, and the issue was submitted to the court to find upon the evidence ; that it was competent for the court to find the value of the goods in said cause, and the court did find and adjudge that said goods were of the value aforesaid; and the court further found, in said cause, that the defendant in said cause was entitled to the possession of the goods; that the plaintiffs should deliver the same to the defendant; and that, on failure to deliver the same, the defendant recover of the said plaintiffs twenty-nine hundred dollars, the value of the same.

A transcript of said cause number one is made part of this paragraph of the answer.

It is also alleged, that the plaintiffs appealed from the said judgment to the Supreme Court, where the judgment was affirmed; wherefore the plaintiffs are estopped to assert that the said goods were of any other value than said sum of twenty-nine hundred dollars, and are estopped to deny any of the facts adjudicated in said cause ; and defendants say said goods were of the value of twenty-nine hundred dollars; and they deny that the said plaintiffs were the owners of said goods.

5. That long before the commencement of this action, the plaintiffs received from Harlin and Boulden, the persons who executed to the plaintiffs said pretended mortgage, a large amount of property, notes, effects, and choses in action of the value of a thousand dollars, a more particular description of which cannot be given, which were received on account of the indebtedness of said Harlin and Boulden to the plaintiffs, mentioned in the plaintiffs' complaint, as a credit thereon ; wherefore, etc.

Demurrers to the second and fourth paragraphs of the answer were filed by the plaintiffs and overruled by the court.

The plaintiffs replied to the second and fifth paragraphs of

the answer by a general denial; and to the fourth paragraph they replied, that, admitting the bringing of the action by them against said George, and that the property in that case was and is the same as that mentioned in the complaint in this case, they say that the only matter, question, or issue which it was competent for the said court to hear and decide under the submission thereof to the court, as shown by the record thereof, was as to the value of the said property, and that the title and ownership and right to the possession thereof were not, nor was either of them, submitted to or decided by the court; that at the time of the levy on said goods by said George, as alleged in the fourth paragraph, and at the time of the trial and determination of said cause, and until the same was finally sold and converted into money, as alleged in the complaint, said property and the proceeds thereof belonged to and was the property of the said plaintiffs, and they, during all of said time, were entitled to the possession thereof, by reason of the mortgage, sale, and delivery thereof to the plaintiffs by said Harlin and Boulden, as shown in the plaintiffs' complaint herein; and they say that the rights, questions, and allegations averred, stated, and set forth by them in their complaint herein were not submitted to, tried by, or heard and determined in the action set forth in said fourth paragraph of defendants' answer or otherwise, but remain entire and undetermined; and they deny such allegations in said fourth paragraph of defendants' answer not specially herein replied to and controverted.

The said actions number two and three, being thus at issue, were, by agreement of the parties and the order of the court, consolidated, and the cause proceeded in the style of *Landers and others* v. *George and others,* the style of action number three. A trial was had by the court, and the court found for the defendants, assessing their damages at fifteen hundred and three dollars and thirty-seven cents. The plaintiffs moved the court for a new trial, which motion was overruled, and final judgment was rendered in favor of the defendant George and others, for the amount of the finding.

The following are the errors assigned:

1. Sustaining the demurrer to appellants' fifth paragraph of answer to appellees' complaint on the replevin bond.

2. Refusing to permit appellants to give evidence offered at the trial by witnesses Landers and Boulden, as shown in exceptions.

3. Refusing to grant a new trial on appellants' motion and reasons.

4. In overruling appellants' demurrer to the second and fourth paragraphs of appellees' answer, in the action by appellants against appellees.

Counsel for appellants say, "the main point variously presented for consideration in this case may, we think, be stated as follows : Were the appellants, by the trial, proceedings, and judgment in the action of replevin begun by them in February, 1869, against the sheriff, Henry George, and determined in April or May, 1869, precluded from asserting in the subsequent actions, which, being consolidated and tried, are now before the court in this appeal, their title to the property in dispute and its proceeds, under their mortgage and the delivery to them by the mortgagees and owners of the property, in discharge of the debt, in accordance with the stipulations of the mortgage, before any right of appellees to the property intervened? In other words, were the questions of appellants' rights, in relation to the mortgaged property, so fully and fairly submitted, tried, and determined in the action of replevin, as that when they began this action they had no remedy to enforce their rights left to them?"

Counsel for the appellees say : " It is conceded by the appellants, in their brief, that the record now before this court presents but one question, and that is, whether the judgment in the replevin suit proper concludes them as to the title, right of possession, and value of the goods in controversy."

Under this agreement as to the question presented, we do not deem it necessary to examine the case with reference to each error assigned. In the action of replevin, there were two good paragraphs of answer :

1. A general denial.

4. Property in the defendant by virtue of the levy of the executions in his hands, it being alleged that the property was the goods of the execution defendants and subject to the executions.

In this condition of the issues, the cause went to the court, and we think we must hold for a full trial of the issues, notwithstanding what the clerk says in the entry as to what was to be tried. The plaintiffs had not made default, ceased to prosecute the action, or withdrawn their appearance. They were yet in court when the cause was submitted for trial, so far as anything appears. The clerk says, they failed further " to except," the cause was submitted for trial, etc. The issues must necessarily have been tried before the court could render the judgment which was rendered. The court found that the property was of the value of two thousand nine hundred dollars; that the defendant was entitled to have the property returned to him; and that the damage of the defendant, on account of the detention of the property, was one dollar.

The fact that there were issues to be tried, and that the court did not limit its finding to the ascertainment of the value of the property merely, requires us to hold that there was a trial of the issues generally, and not a mere finding of the value of the property, the statement of the clerk that the trial was " as to the value of the property " to the contrary notwithstanding.

We think that we must hold, also, that the findings of the court decide the questions that the plaintiffs were not the owners or entitled to the possession of the property, as they alleged in their complaint. Necessarily, the plaintiffs must have failed to sustain their title to the property and right to its possession, or the court could not have found, as it did, that the defendant was entitled to a return of the property and damages for its detention.

The fact that Landers and others had a mortgage of the goods, and that the possession of the goods had been surrendered to them, as they claim, if true, did not prevent the sheriff from levying on them and selling the equity of redemption

Landers *et al. v.* George *et al.*

in them. Until the mortgagee had himself, by legal notice and sale of the goods or by a judicial foreclosure and sale of them, cut off the equity of redemption, it was liable to seizure and sale by the creditors of the mortgagor. 2 G. & H. 240, sec. 436; *Coe* v. *McBrown,* 22 Ind. 252; *The State, ex rel. Lines,* v. *Sandlin,* 44 Ind. 504.

There is nothing in the mortgage in this case which vests the absolute ownership of the goods in the mortgagees, on failure to pay the debt. It is provided in the mortgage, that upon default of payment of said money, Harlin and Boulden shall deliver the property to Landers and others. But we do not think that such delivery merely, if made, would free the property from the equity of redemption.

It was alleged, in the fourth paragraph of the answer of the sheriff in the replevin suit, that the property, when levied upon, was in the possession of the mortgagors, and it may be inferred that the court found this to be true, if the finding of that fact was necessary to justify the judgment for a return of the property to the sheriff. The court decided the issues in favor of the defendant, the sheriff, found the value of the property, and that the defendant was entitled to a return of it. It also rendered judgment for the return, and in default of return, for the value of the property. This gave the defendant in that action, as the representative of the execution plaintiffs or in connection with them, a right of action on the bond for the amount of the damage to them, not exceeding the value of the property which the plaintiffs had so failed to return.

But appellants submit that they may allege and prove that their rights were in fact not considered and adjudicated in the case, and they refer, in support of their position, to the following cases: *Cutler* v. *Cox,* 2 Blackf. 178; *Byrket* v. *The State,* 3 Ind. 248; *The State* v. *Brutch,* 12 Ind. 381; *Brandon* v. *Judah,* 7 Ind. 545; *Hargus* v. *Goodman,* 12 Ind. 629, and other similar cases. We have examined these authorities and think they do not apply to the question which is here involved. They are cases where the fact may be alleged and proved without a contradiction of the record, as to what was

found and adjudged by the court. Here, as we have already said, the record must be regarded as showing a determination of the ownership and right to the possession of the property, and to allow an averment and proof to the contrary would be to allow the record to be impeached and contradicted, and that too in a proceeding in which the record is used merely to establish a fact found, and where it is attacked collaterally.

Counsel for appellants urge that there was no consent of their clients to the trial of any question in the case without a jury, except as to the value of the property. We have already said that we regard the other facts in the record as overruling the statement of the clerk in his entry, that the trial was to ascertain the value of the property only. The plaintiffs were in court and made no objection to the mode of trial, to the finding of the court, or to the judgment rendered. When they brought the case to this court on appeal, they made no such objection, and the judgment was in all things affirmed. If the clerk's entry should be regarded as stating the fact, still when the court went beyond what was submitted and made a finding of other matters, and rendered judgment thereon, the plaintiffs should have made the objection then in some proper way, and if the error was not corrected there, the point should have been urged on appeal to this court. The record of the finding and judgment cannot now, in a collateral proceeding, be varied, amended, or contradicted. If there was any error in the finding or judgment, it is only an error and does not at all affect the judgment while it remains unreversed. In favor of the conclusiveness of the finding and judgment, as evidenced by the record, we may cite *Fischli* v. *Fischli,* 1 Blackf. 360, *Day* v. *Vallette,* 25 Ind. 42, *Crosby* v. *Jeroloman,* 37 Ind. 264, and *Carr* v. *Ellis,* 37 Ind. 465, and cases cited.

It is clear that the answers of the appellants, in the action on the replevin bond, admitting as they do, that they did not prosecute the action of replevin with effect and without delay, and that, although they were ordered to do so, they did not return the property to the sheriff, can be no bar to that action.

VOL. XLIX.—21

*Brown* v. *Parker,* 5 Blackf. 291; *Sherry* v. *Foresman,* 6 Blackf. 56; *Wallace* v. *Clark,* 7 Blackf. 298; *Davis* v. *Crow,* 7 Blackf. 129; *Hutton* v. *Denton,* 2 Ind. 644; *O'Neal* v. *Wade,* 3 Ind. 410.

The judgment is affirmed, with costs.

BUSKIRK, C. J.—I dissent from the foregoing opinion and judgment.