Smith *et al. v.* Mosby *et al.*

Filed Nov. 24, 1884.

———◆———

No. 11,638.

## Smith et al. *v.* Mosby et al.

Replevin Bond.—*Judgment.—Ownership.—Res Adjudicata.— Answer.*—In an action upon a replevin bond, wherein the complaint averred that upon an issue formed in the replevin suit, it was adjudged that the defendant therein, who, as sheriff, had levied upon the goods in question, was the owner and entitled to the return of said goods which had been delivered to the plaintiffs therein, an answer that the plaintiffs had a prior lien upon such goods by virtue of a chattel mortgage, duly executed by the judgment debtor, is not good, as the judgment in the replevin suit concludes the plaintiffs therein as to the ownership of the property and as to its value.

SAME.—*Mitigation of Damages.*—*Dismissal of Replevin Suit.*—Such answer is good in mitigation of damages in a suit upon the replevin bond, where the replevin suit is dismissed without a final adjudication.

From the Decatur Circuit Court.

*W. A. Moore, B. F. Bennett, J. D. Miller* and *F. E. Gavin,* for appellants.

*J. S. Scobey,* for appellees.

BEST, C.—The appellants brought this action upon a bond of replevin executed by the appellees.

The complaint alleged, in substance, that one Samuel B. Edwards recovered a judgment against Benjamin F. Henry *et al.*, in the Decatur Circuit Court, for $662.35 ; that the appellant Andrew J. Smith, as sheriff of said county, with an execution issued upon said judgment, on the 29th day of September, 1879, levied upon a stock of goods belonging to said Henry ; that while said Smith held possession of said goods as such sheriff, John D. Mosby and Andrew J. Hobson, two of the ·appellees, on the 3d day of October, 1879, instituted an action of replevin in the Decatur Circuit Court against said Smith for said goods, alleging in their complaint that they were the owners and entitled to the possession, fixing the value of said goods in their affidavit at $900, and then obtained possession of the same by virtue of a bond of replevin executed by them and their co-appellees as their sureties ; that an answer of denial was filed, an issue was formed, and, upon the trial, a verdict was returned that the defendant was the owner of the goods, was entitled to the possession of them and that they were worth $900 ; upon which, it appearing that the plaintiffs had possession, the court rendered an alternative judgment, awarding the defendant the possession of the goods, and in the event that they should not be returned, a judgment for their value ; that the appellees· have failed and neglected to return the goods, but have converted them to their own use. A copy of the bond accompanied the complaint.

As to the sum of $849.16, the appellees filed an answer, alleging, in substance, that before said writ became a lien upon said goods, said Henry executed to said Mosby and Hobson a chattel mortgage upon the same to secure three notes, aggregating $849.16, and maturing respectively, November 1st, 1879, December 25th, 1879, and January 25th, 1880; that said mortgage was duly recorded within the county where said Henry resided, within ten days after its execution, and that said Henry then was and ever since has been justly indebted to them in said sum; that said sum, with the interest thereon, is now due and unpaid, and that said property, at the time said mortgage was made, was not, nor has it since been, worth the amount of said debt; that upon the trial of said action the only evidence offered in support of the same was said mortgage, which was rejected by the court; that thereupon the jury was instructed to return a verdict for the defendant and to assess the value of the property at $900; that, by reason of the exclusion of said evidence, no matter was adjudicated upon said trial, except the admissibility of said evidence. Wherefore, etc.

A demurrer was overruled to this answer, and this ruling presents the controlling question in the case.

This answer admits the rendition of the judgment in the action of replevin as averred, and seeks to show that the matters involved in the issues were not in fact adjudicated. This can not, as we think, be done. The judgment as between these parties is conclusive, not only as to the ownership of the property, but as to its value. This has been repeatedly decided. *Smith* v. *Lisher*, 23 Ind. 500; *Denny* v. *Reynolds*, 24 Ind. 248; *Carr* v. *Ellis*, 37 Ind. 465; *Landers* v. *George*, 49 Ind. 309.

In the case last above cited the same question arose in precisely the same way. An action of replevin for a stock of goods was commenced against a sheriff. The plaintiffs alleged that they were the owners and entitled to the possession. An

answer of denial was filed, and the court, upon the trial, found the value of the goods, ordered them returned to the defendant, and awarded him judgment for their value in case they should not be returned.   Upon the failure of the plaintiffs to return them, the defendant brought suit upon their bond, and they, in mitigation of damages, then sought to show that the defendant, as sheriff, had only a lien upon them by virtue of his levy, and that they had a prior lien by virtue of a mortgage executed to them by the execution debtor.   This, it was held, could not be done, as the judgment in the replevin suit concluded the plaintiffs therein not only as to the ownership of the goods, but as to their value.   This case is precisely in point, and is decisive of the question against the appellees.

The appellees insist that they may show, notwithstanding the judgment, that their rights were not, in fact, adjudicated. This precise question was decided adversely to them in the case of *Landers* v. *George, supra,* and no reason has been suggested, nor does any occur to us, why the rule there adopted should not be followed; it seems in strict accord with all the authorities.

The appellees refer us to a number of cases in our own reports where it has been held that in a suit upon a replevin bond the defendants may show, in mitigation of damages, that the principal obligors either were the owners or had a lien upon the property in question.   In none of these cases, however, was any judgment rendered upon the issues formed, but all of them were dismissed without any adjudication.   These cases are, therefore, not in point.

The answer was insufficient, and for the error in overruling the demurrer the judgment should be reversed.

PER CURIAM.—It is therefore ordered that the judgment be and it is hereby reversed, at the appellees' costs, with instructions to sustain the demurrer to the answer.

Filed Sept. 18, 1884.   Petition for a rehearing overruled Dec. 19, 1884.