Fromlet *et al. v.* Poor.

Filed Jan. 22, 1892.

---

No. 377.

FROMLET ET AL. *v.* POOR.

REPLEVIN.—*Judgment.*—*Res Adjudicata.*—*Ownership of Property.*—The judgment in a replevin action is conclusive as to all questions that were litigated or might have been litigated under the issues, including the question of ownership.

SAME.—*Judgment.*—*Collateral Attack.*—An omission, in a judgment in replevin against plaintiff, to order a return of the property does not render the judgment void or subject it to collateral attack.

PRACTICE.—*Instructions.*—*Review on Appeal.*—Instructions not brought into

the record by a bill of exceptions, nor as provided for by sections 533 and 535, R. S. 1881, will not be considered upon appeal.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan,* for appellants.

*E. B. Goodykoontz, G. M. Ballard, W. A. Kittinger* and *L. M. Schwinn,* for appellee.

NEW, J.—This action was by the appellee against the appellants to recover the value of wheat alleged to be the property of the former, and converted without right by the appellants to their own use.

The complaint is in two paragraphs, the substance of which, omitting formal introductory matter, may be stated as follows:

1st paragraph. On or about the 5th of July, 1886, the appellee was the owner of one thousand shocks of wheat of the value of $300, which the appellants, without right, converted to their own use, to the appellee's damage of $350.

2d paragraph. In the year 1886 the appellee was the owner and in possession of a farm in Madison county, Indiana, and cut and put in the shock thereon a crop of her own wheat of the value of $300; that thereafter, on the 5th of July in said year, the appellants, in an action by them instituted against the appellee in the Madison Circuit Court, replevied without right all of said wheat from the appellee, she at that time being the owner of the same, and the appellants alleging in their complaint that she was not the owner thereof, nor entitled to its possession; that afterwards, at the June term, 1887, of said court, upon the trial of said cause, it was adjudged that the appellants take nothing by their complaint, and the appellee was given judgment for costs; that notwithstanding said judgment the appellants refuse to return said wheat to the appellee, or to account for the same in any way, to the damage of the appellee in the sum of $350.

An answer was filed to the complaint, consisting of two paragraphs, the first of which was the general denial.

The second paragraph of the answer is addressed to the second paragraph of the complaint, and in substance avers that the appellee never was the owner of the wheat named in the complaint; that John Koeniger and William Koeniger had rented the farm referred to in the complaint from George Koeniger, and raised thereon the crop of wheat claimed by the appellee; that while they were so occupying said land, being indebted to the appellants, they mortgaged to them said wheat while it was growing, said mortgage being recorded within ten days thereafter. After that said farm was conveyed to the appellee, and thereafter, when said crop of wheat had matured, the appellee refused to let said John and William Koeniger have said wheat, whereupon the appellants, mortgagees as aforesaid, brought their action in replevin therefor in said circuit court, and by virtue of the writ issued therein said wheat was put into their possession; that upon the trial of said cause there was a general finding and judgment for the appellee, but no finding of the value of the wheat, nor order for the return of the same; that the only matter tried or adjudicated in said cause was the right to the possession of said wheat; that the question of the ownership of said wheat was not and could not have been adjudicated in said cause; that by reason of these facts the appellee was not at any time the owner of said wheat, but that the same belonged to John and William Koeniger; that no demand has been made upon the appellants for the return of said wheat.

A reply of general denial was filed to this paragraph of the answer.

Upon the issues thus formed there was a trial by jury, and verdict returned for $361 in favor of the appellee. Upon the appellee remitting $180.64 of this sum a motion by the appellants for a new trial was overruled, and judgment entered for the appellee for $180.36.

The principal question which we must decide upon the record before us is, the effect upon the case at bar of the pro-

ccedings had in the action of replevin by the appellants against the appellee, and referred to in the second paragraph of the complaint, and the second paragraph of the answer.

That the parties and the subject-matter in the two actions are identical can not be questioned.    It is not necessary that the forms of action in the two cases should be the same.

The law is firmly settled in this State, by an uninterrupted line of decisions, that an adjudication in a prior action is a determination of not only what was actually decided therein, but also as to all other matters which the parties might have litigated in the case within the issues.    *Fischli* v. *Fischli*, 1 Blackf. 360; *Vail* v. *Rinehart*, 105 Ind. 6; *Indiana, etc., R. W. Co.* v. *Koons*, 105 Ind. 507; *Baker* v. *State, ex rel.*, 109 Ind. 47; *Kilander* v. *Hoover*, 111 Ind. 10; *Wright* v. *Anderson*, 117 Ind. 349; *Lieb* v. *Lichtenstein*, 121 Ind. 483.

And the general rule is, that the issuable facts or matters, upon which the plaintiff's case proceeded, will determine what was in issue.    *McFadden* v. *Ross*, 108 Ind. 512; *People's Savings, etc., Ass'n* v. *Spears*, 115 Ind. 297.

It will be observed that in the case at bar no question of mitigation of damages, because of the chattel mortgage, is involved.    Indeed, it does not appear from the answer or the evidence that the mortgage indebtedness is still unsatisfied, and no relief is asked by the appellants in that regard. The only evidence in the record as to what was in issue, or what was litigated in the action of replevin, is, the complaint, answer thereto, the affidavit filed by one of the appellants for the purpose of obtaining a delivery of the wheat to them, and the finding and judgment of the court.    In the complaint and affidavit the appellants claim to be the owners and entitled to the possession of the wheat, and allege that the appellee unlawfully detains the possession thereof.

The finding and judgment, omitting introductory matter, is in the following words:

" Come now the parties by counsel, and the court, having

heretofore heard the evidence, and being now fully advised in the premises, finds for the defendant. It is, therefore, ordered and adjudged by the court that the plaintiffs do have and take nothing by their said complaint, and that the defendant recover of said plaintiffs her costs and charges herein accrued."

Counsel for the appellants call attention to the fact that there is no judgment for a return of the property, nor for its value if a return can not be had. We do not think the judgment would for that reason be void. Whatever irregularity there may be in the form of the judgment can not be to the prejudice of the appellants. The omissions pointed out in the judgment do not so affect it as to subject it to collateral attack.

Primarily, the action of replevin is possessory in its character. The appellants, in their action in replevin against the appellee, allege in their complaint that they are the owners of the wheat, and entitled to its possession, which was denied by the answer of the appellee, and submitted to the court for its finding and judgment.

It is said by counsel for the appellants in their brief that the ownership of the wheat was not in issue in the former action, because the only interest the appellants ever had, or claimed in the wheat, was by virtue of their chattel mortgage.

We can not say that they claimed no other interest in the wheat than that incident to their mortgage. The record before us is silent as to the evidence introduced in the replevin suit, or what was litigated, except as disclosed by the pleadings, affidavit, finding and judgment. There is nothing whatever in the record relating to the proceedings had in the replevin suit from which it can be known or inferred that the appellants in that case were asserting or depending upon anything for a recovery, other than an unqualified and absolute ownership of the wheat and a consequent right of possession.

Fromlet *et al. v.* Poor.

It was certainly competent for the appellants, in the replevin suit, to make proof that they were the owners of the wheat, and therefore entitled to its possession, and in order to negative such evidence, as bearing upon and affecting the right of possession, as claimed by the appellants, it would have been the privilege of the appellee, under her answer of general denial, to show that the wheat belonged to her, and not to the appellants.

Upon the record, as we find it, the replevin judgment should be treated as conclusive between the parties as to the right of possession and control of the wheat or its value. The right of the appellee to the possession of the wheat, and the duty of the appellants to account to her therefor, must be regarded as established by the judgment rendered against the appellants on their complaint against the appellee in the action of replevin. *Wallace* v. *Clark*, 7 Blackf. 298; *Smith* v. *Lisher*, 23 Ind. 500; *Denny* v. *Reynolds*, 24 Ind. 248; *Carr* v. *Ellis*, 37 Ind. 465; *Landers* v. *George*, 49 Ind. 309; *Dawson* v. *Sparks*, 77 Ind. 88; *Smith* v. *Mosby*, 98 Ind. 445; *McFadden* v. *Fritz*, 110 Ind. 1; *Whitehead* v. *Coyle*, 1 Ind. App. 450.

The jury, by their verdict, found against the appellants as to the conversion of the wheat by them and its value.

Among the reasons assigned for a new trial are the giving of certain instructions to the jury and the refusal of the court to give others. None of the instructions referred to are properly in the record, and therefore can not be considered by us. They are not brought into the record by a bill of exceptions, nor as provided for by sections 533 and 535, R. S. 1881. Instruction No. 4, given by this court upon its own motion, and objected to by the appellants, is not signed by the judge, nor was exception thereto taken by the appellants, as required by section 535.

Instruction numbered three, asked by the appellants, was not excepted to as required by section 535. Instruction

numbered one, asked by the appellee and given over the objection of the appellants, is not shown by the record to have been filed as required by section 533, and this is true also of the other instructions of which we have spoken. *Landwerlen* v. *Wheeler*, 106 Ind. 523 ; *Childress* v. *Callender*, 108 Ind. 394 ; *Butler* v. *Roberts*, 118 Ind. 481 ; *Conduitt* v. *Ryan*, ante, p. 1 ; *Baldwin* v. *Shiel*, ante, p. 291.

Having found no error, the judgment is affirmed with costs.

Filed Jan. 22, 1892.