Any matter arising since issue joined in a cause, and which might have been pleaded *puis darrein continuance,* must be so pleaded, and cannot be given in evidence at the trial.

JACKSON, *ex dem.* COLDEN and others, *against* RICH.

THIS was an action of ejectment, tried at the *Washington* circuit, in *June,* 1810, before Mr. Justice *Van Ness.*

The plaintiff claimed the premises for breach of a covenant contained in a lease, made by *Alexander Colden,* under whom the plaintiff claimed, to *James Hay,* dated the 29th *March,* 1804, for the term of 21 years. The lessee covenanted, for himself, his executors, administrators and assigns, that if he should transfer the lease to any person, or desert the premises, any rent being in arrear, or should, at any time during the term, suffer or permit more than one family or tenant to every one hundred acres, to reside on, use, or occupy, any part of the premises, that then, in every such case, the lease should be null and void, &c. The farm demised contained 105 acres, of which 14 acres were in possession of the defendant. The plaintiff proved that, at the commencement of the suit, the premises were occupied by three families.

The defendant offered to prove that on the 3d *July,* 1807, and since the issue was joined in this cause, it was agreed between the lessors and the defendant, by *John Cowan,* under whom the defendant held, that the defendant should surrender up the premises to *Colden,* one of the lessors and be discharged and acquitted from all damages, costs and charges to which he might be subject, in consequence of the suit, and that the said lessor should pay the defendant thirty dollars, and that in pursuance of that agreement, the defendant did, by his deed, on the 11th *July,* 1807, surrender and yield up the premises to *Cowan,* who, at the same time, did, by his deed, grant and surrender up the premises to *Colden,* which deed of surrender was

accepted and received by *Colden*, &c. This evidence was overruled by the judge, who directed the jury to find a verdict for the plaintiff; and the jury found a verdict accordingly.

A motion was now made to set aside the verdict and for a new trial. The case was submitted to the court without argument.

*Per Curiam.* There can be no question as to the for-feiture of the lease. There was to be but one family or tenant for every 100 acres, and there were three families on the premises, which contained only 105 acres. The sense of the court on this covenant, was before express-ed in two different causes, brought by the same plaintiff. (1 *Johns. Rep.* 267. 273.) The matter arising since issue was joined, was properly rejected. Many terms of this court had intervened since it arose, and the rule is well settled, that matter arising after issue joined, and good by way of plea *puis darrein continuance*, must be pleaded without delay. The very name and form of the plea, show that it must be pleaded as arising *since the last continuance.*

The motion to set aside the verdict is, therefore, de-nied.