Lane, J.,
delivered the opinion of the court:
The mortgage from Kemp to McChesney professes to convey the east half of a tract granted to McDowell on January 9, 1804,. and proceeds to recite the specific abuttals. We are without the benefit of a brief from the defendant,-and are left to-gather the objection from the written motion. If we do not mistake the point intended to be raised, it is that this deed conveys no land,., from the generality of its description, especially in its omission to *414 designate the county, township, or water-course on which it is situate.
We know no rule of law, which requires the insertion of these points in the description, provided it is sufficiently identified, If the description in a deed be so imperfect that it can not be known what land was intended to be conveyed, the deed is void. 4 Mass. 205. But although it is necessary to the validity of a grant, that the thing granted should be capable of being distinguished from other things of the same kind, it is not necessary that the description should be such as to identify the object without the aid of •extraneous testimony. 5 Wheat. 359. And if a deed refer to another deed for the description of the land conveyed, and the land •can be ascertained by such reference, the description is sufficiently certain. 6 Pick. 450.
The land which the parties attempted to transfer by this mortgage, consisted of one-half the tract granted to McDowell on January 9, 1804. This reference adopts the description in McDowell’s grant; and if by combining them the jury can ascertain the land, the deed is effectual to transfer it. If it be said that the grant to McDowell is not sufficiently identified, that he might have had two grants of the same date, it is a sufficient answer that the two grants are not to be presumed, and that it will be early enough for the plaintiff to explain, when the testimony of the defendant shall render the intentions of the parties ambiguous.
Besides, Wainwright holds Kemp’s title, and is bound by all that binds it. Kemp purchased of McChesney, by a *deed bearing the same date with his mortgage; so that he and all who hold his title are bound by its recitals and admissions. 5 Ohio, 194. This deed from McChesney, which identifies the land with the land mortgaged, by employing the same description, recites that it was purchased of McDowell,- and lies in the county of Glermont. The defendant, by his acceptance of Kemp’s title, adopts this admission, and supplies that part of the description, which we understood him to allege is wanting in the mortgage. We are of opinion that the deed was properly submitted to the jury.
The second objection taken, arises from the rejection of proof, that the guardians of the plaintiff’s lessees had taken possession of the land during the suit. Proof of this suit was properly excluded, unless it proves a defense.
The rights of the parties to a suit are generally to be acted *415 •upon, as they existed at its commencement. In ejectment these rights are founded on a trespass and eviction. To redress these the plaintiff is entitled to recover a judgment for the land, for •damages and for costs ; and this judgment enables him to obtain the mesne profits in another suit. If circumstances, occur by which one object can not or ought not to-be obtained, the plaintiff is still entitled to pursue the other. An alienation during the ■suit furnishes the defendant with no defense. 2 Ohio, 293, 304. And where the estate of the plaintiff’s lessee is for life only, and ■it expires during the suit, so that, there remains no right to possess the land, yet the plaintiff shall have judgment. 2 Str. 1056; 8 Johns. 507; 18 Johns. 302. The acquisition of the possession by the'plaintiff only accomplishes one object of the suit; he is entitled to judgment to recover his costs, and to aid in further .remedies.
The facts offered to be proved constituted no defense; but if they had been, they were not admissible under the general issue. There is no difference between actions of ejectment and other suits, in which matters of defense arising after issue joined must be brought forward by plea after the last continuance. 7 Johns. 194.
Judgment is entered on the verdict.