*J. W. Gordon*, for appellant.

———————•———————

## Moore and Others *v.* Worley and Another.

ADVERSE POSSESSION.—To constitute an adverse possession of lands, so as to bar a recovery, or to avoid a deed subsequently executed by the true owner, the party setting up the possession must, in making his entry upon the land, act in good faith, and in the belief that he has title thereto, and his possession must be under color and claim of title, exclusive of any other right.

TRANSFER OF INTEREST PENDENTE LITE—PRACTICE.—Pending a suit for the recovery of real estate, in which the plaintiff claimed to be the owner of an undivided interest only, he purchased and took a conveyance of the remaining interests, and filed an amended complaint, alleging the entire title to be in him. On the trial, objection was made to the introduction in evidence of the deed executed to the plaintiff pending the suit, but no particular objection was pointed out.

*Held*, that under such circumstances no advantage can be taken in the Supreme Court of the action of the court below in admitting the deed in evidence.

APPEAL from the *Madison* Circuit Court.

GREGORY, J.—Suit by *Elijah Worley* and *Rachel Worley*, against *Nancy Wise*, to declare and execute a trust in real estate.

This action was commenced on the 20th of *August*, 1862. On the 7th of *October*, 1863, the death of *Nancy Wise* was suggested, and the appellees were made defendants, who claim the land as her legatees.

The amended complaint, on which the trial was had, was

filed the 5th of *April*, 1864, and copies of the deeds under which the plaintiffs claim title are made exhibits.

The defendants answered, setting up title in fee in themselves, and denying that the plaintiffs have any valid title to the premises, either legal or equitable.

Trial by the court, finding that the equity of the case is with the plaintiffs; that *Solomon Wise*, deceased, held the land in controversy, as trustee for *Mary Ann Fifer*, now deceased, with full knowledge of his trust, and that the present defendants still hold the property in trust, to be by them executed; that the plaintiffs now hold all the interest of *Mary Ann Fifer* in and to the premises.

Motion for a new trial overruled, and the defendants excepted. The evidence is in the record, and tends to show the following facts: In *September*, 1834, *William Montgomery* gave his son-in-law, *William Fifer*, and his son, *James Montgomery*, each one hundred dollars, with which to enter eighty acres of land. They selected a quarter section of land, which they agreed to enter and divide east and west, instead of north and south, (the congressional survey). They employed an agent to make the entry, who entered the land in the name of *James Montgomery*. *Fifer* took possession of the land in controversy, (being the south half of the quarter section so entered by the agent,) and made lasting improvements thereon. In 1835 *Fifer* died, leaving an only child, *Mary Ann*, and his widow, *Elizabeth*, (the daughter of *William Montgomery*.) The widow, some five or six years after the death of her husband, married *Solomon Wise*, and at her request, *James Montgomery*, on the 24th of *August*, 1843, conveyed the land by deed in fee to *Wise*, without any consideration whatever moving from him. *Wise* took possession of the land, but repeatedly recognized the right of *Mary Ann* therein, and in 1849 signed and acknowledged a deed of conveyance in fee therefor to her, saying that in case of his death, his papers would secure to her the title. This deed, however, was never delivered. *Elizabeth*, the wife of *Wise*, and widow of *Fifer*, died,

leaving her only child, *Mary Ann*, and her last husband surviving. *Wise* married *Nancy Moore*, who survived him, and who was made defendant at the commencement of the case in judgment. There is no evidence as to the character of the possession of the land after the death of *Solomon Wise*.

It is contended that the money with which the purchase was made, was given by *William Montgomery* to his daughter, and not to his son-in-law. Under the well recognized rule governing this court, we cannot disturb the finding of the court below on this question, as the evidence strongly tends to prove that the money was given and delivered to the son-in-law.

It is urged by the counsel for the appellants that the deeds to the plaintiff, *Elijah*, for certain undivided portions of the land are void, on the ground that at the time of their execution the land was held *adversely*.

We do not think that the possession of *Solomon Wise* was adverse to *Mary Ann Fifer's* title. He took a voluntary conveyance from one he knew to be but a trustee; he repeatedly recognized the right of the *cestui que trust*, and actually signed and acknowledged a deed of conveyance in pursuance of the trust so cast upon him. Under such circumstances the court below could well find that as to him there was no adverse possession. As to *Nancy Wise* (the defendant,) she could only claim under *Solomon*, and there was no attempt at the trial to show how she claimed at the time of these conveyances. To make an adverse possession, there must not only be a color, but a claim of title.

To constitute a *possession adverse*, so as to bar a recovery, or to *avoid a deed* subsequently executed by the true owner, the party setting up the possession must, in making his entry upon the land, act *bona fide*. He must rely on his title; he must believe the land to be his, and that he has title thereto, although his title may not be rightful or valid. *Livingston* v. *The Peru Iron Company*, 9 Wendell's Rep., 511. And such possession must be under color and claim of title,

and exclusive of any other right.    *Smith* v. *Burtis*, 9 Johnson's R., 174.

The naked title of the trustee is not adverse to the title of the *cestui que trust.*

The remaining question in this case is, did the court err in admitting in evidence the deed from *William Roach* and wife to the plaintiff, *Elijah Worley*, dated 30th of *August*, 1862?

It is claimed that this deed was executed ten days after the commencement of the suit, and, therefore, ought not to have been received in evidence.    This position cannot be sustained.

*Rachel Worley*, the wife of her co-plaintiff, was one of the heirs at law of *Mary Ann Fifer*. *Elijah Worley* held by deed, dated the 21st of *April*, 1862, the interests of four of the other heirs at law.    The statute provides that "no action shall abate by the death, marriage or other disability of a party, *or by the transfer of any interest therein,* if the cause of action survive or continue.    In case of the death, marriage or other disability of a party, the court, on motion, or supplemental complaint, at any time within one year, or on supplemental complaint afterward, may allow the action to be continued by, or against his representative or successor in interest.    In case of any other transfer of interest, the action shall be continued in the name of the original party; *or the court may allow the person to whom the transfer is made to be substituted in the action.*"    2 G. & H., § 21, pp. 51, 52.

The amended complaint, on which the trial was had, was filed, as has been shown, on the 5th of *April*, 1864, and avers the entire title, then, in the plaintiffs, and a copy of the deed in question is made an exhibit.    No motion was made to strike it out, and when offered, no particular objection was pointed out to the court below.    Under such circumstances, no advantage can be taken in this court of the action of the court below in admitting the deed in evidence.

The judgment of the Circuit Court is affirmed, with costs against the appellants.

*E. S. Stone* and *D. Moss*, for appellants.

*J. Davis*, for appellees.