Johnson *v.* Briscoe *et al.*

No. 10,341.

## JOHNSON *v.* BRISCOE ET AL.

| 92 | 367 |
| 127 | 255 |
| 92 | 367 |
| 133 | 556 |
| 92 | 367 |
| 137 | 329 |

PRACTICE.—*Issue.—Trial.*—The submission of a cause to trial without answer waives an issue and requires the cause to proceed as if the averments of the complaint were denied.

SAME.—*Pleading Puis Darrein Continuance.*—A defence arising after suit begun can only be pleaded on leave and specially, even in ejectment, by virtue of section 399, R. S. 1881.

SHERIFF'S SALE.—*Rents and Profits.—Redemption.*—A purchaser at sheriff's sale of the rents and profits of lands has no right to possession until the year for redemption has expired.

REAL ESTATE, ACTION TO RECOVER.—*Evidence.—Tax Deed.*—In ejectment it is not error to exclude a tax deed as evidence, unless further proof showing its validity is offered.

From the Spencer Circuit Court.

*C. L. Wedding* and *E. M. Swan*, for appellant.

*G. L. Reinhard* and *W. H. Thomas*, for appellees.

BICKNELL, C. C.—This was an action to recover possession of land and damages for detaining it.

The parties submitted the cause to the court for trial upon an amended complaint. Such a submission waives an issue, and the pleading not answered is regarded as denied. *Cogswell* v. *State, ex rel.*, 65 Ind. 1 ; *Kirkpatrick* v. *Alexander*, 60 Ind. 95.

The court found for the plaintiffs, with $20 damages. The defendant's motion for a new trial was overruled, judgment was rendered on the finding, and the defendant appealed. He assigns as error the overruling of the motion for a new trial.

The reasons for a new trial are :

1. Excessive damages.

2. The finding was not sustained by the evidence.

3. The finding was contrary to law.

4. Error of law occurring at the trial, in several particulars, none of which are discussed in the appellant's brief except the following, to wit:

A. Refusing to allow the defendant to introduce in evi-

dence the judgment of George Deege v. William Briscoe, the execution thereon and the certificate of sale thereunder.

*B.* Refusing to allow the defendant to introduce in evidence the judgment of Elbert L. Johnson v. William Briscoe *et al.*, the decree issued thereon and the certificate of sale.

*C.* Refusing to allow the defendant to introduce in evidence the tax deed to Charles L. Wedding.

The bill of exceptions contains the following statement:

" Be it remembered that upon the trial of this cause it was conceded and admitted by the defendant that the plaintiffs, William Briscoe, Nancy M. Vanada, Mary J. Bennett, William S. Briscoe, Laura T. Briscoe, Elizabeth Harger and Sarah T. Bates, were, at the commencement of suit, the owners of all the land described in plaintiffs' complaint by deeds of conveyance or by inheritance, except and subject to the defences to be given in evidence herein by said defendant, and further that said plaintiffs are the only surviving heirs of Rebecca Briscoe, deceased, and of such of her heirs as were dead at the commencement of this suit; and it was conceded and admitted by said plaintiffs that said defendant Elbert L. Johnson held a deed from said plaintiff Elizabeth Harger and her husband, conveying her entire interest in said real estate to said defendant, but that said deed was made and executed since the commencement of this suit." ·

The record further states that the parties in open court admitted that " all questions of damages and rents and profits of said real estate to January 11th, 1882, were adjusted in another action between said parties."

The only testimony introduced by either party as to damages was confined to the period between said January 11th, 1882, and the day of trial, which was April 10th, 1882.

In such an action damages may be recovered up to the rendition of the judgment. *Dobbins* v. *Baker*, 80 Ind. 52. The witnesses put the rental value of the premises for the time above stated at various sums between $50 and $150; the damages allowed, $20, were clearly not excessive.

As to the second and third reasons for a new trial, the appellant in his brief claims that those reasons are valid, because of the admission by the appellees that Mrs. Harger and her husband had conveyed to the appellant two twenty-first parts of 160 acres of the land in controversy, but this conveyance having been made on the 9th of March, 1882, long after the commencement of the suit, it had no effect on the suit. *Musselman* v. *Manly*, 42 Ind. 462; *Carr* v. *Ellis*, 37 Ind. 465.

The finding was sustained by the evidence, and was not contrary to law. Admissions made in open court are conclusive for the purposes of the trial. *Thompson* v. *Thompson*, 9 Ind. 323; 1 Greenl. Ev., section 27.

There was no error in refusing to allow the defendant to read in evidence the judgment of George Deege *v.* William Briscoe, and the execution and certificate of sale thereupon. They did not show a sale of the land in controversy; they showed that on the 17th of December, 1881, the sheriff had sold to Elbert L. Johnson the rents and profits of the land, and that if there were no redemption within a year from the day of sale, he would then be entitled to the rents and profits for seven years. The trial was had before the expiration of the year of redemption.

The papers offered in evidence in reference to the judgment of Elbert L. Johnson *v.* William Briscoe *et al.*, were a transcript of the judgment of a justice of the peace, the certificate of the justice that execution had been issued thereon and returned *nulla bona*, an affidavit of the plaintiff showing the amount due on the judgment, and an execution issued on the judgment by the clerk of the circuit court after the transcript had been filed in his office. They did not show any sale of the land in controversy to Johnson. There was no error in excluding them. And there was no error in excluding the tax deed to Charles L. Wedding. It amounted to nothing without further proof, and no further proof was offered.

There is no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Oct. 11, 1883.

### ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The only question presented by the petition is this: In an action of ejectment, can the defendant, under the general denial, avail himself of a defence not existing at the commencement of the suit?

It was always a rule that under the original pleadings suits are determined upon the facts existing at their commencement.

Therefore, in an action of ejectment at common law, it was held in *Jackson* v. *Rice*, 7 Johns. 194, that matter of defence occurring after suit brought was not available.

The code has not changed the law in this respect. In *Musselman* v. *Manly*, 42 Ind. 462, this court said: "Nor can a defendant set up a defence that did not exist at the commencement of the action." See, also, *Maxwell* v. *Boyne*, 36 Ind. 120; *Carr* v. *Ellis*, 37 Ind. 465; *Moore* v. *Worley*, 24 Ind. 81.

The code declares that a defendant, in an action to recover real estate, may give in evidence every defence that he may have either legal or equitable. R. S. 1881, section 1055. But this does not change the rule under consideration, the defence to be thus given in evidence under the general denial must still be a defence existing at the commencement of the action. Matter of defence arising after suit brought is available only under section 399, R. S. 1881, which provides that the court, on motion, "may * allow supplemental pleadings, showing facts which occurred after the former pleadings were filed." This is a general provision governing all suits. If the defendant had a defence which arose after suit brought, he should have applied to the court for leave to file such a supplemental pleading, analogous to the old plea of *puis darrein*.

*continuance,* and under section 399, *supra,* that pleading could not have been a general denial, but must have been a special plea "showing facts which occurred after the former pleadings were filed."

Under the original pleadings a cause of action arising after suit brought is no cause of action in that suit, and a defence arising after suit brought is no defence in that suit.

The petition should be overruled.

PER CURIAM.—The petition for a rehearing is overruled.

Filed Jan. 3, 1884.