CRANMER, Appellant, v. HOWARD, et al, Respondents.

(183 N. W. 124.)

(File No. 4730.   Opinion filed June 2, 1921.   Rehearing denied January 30, 1922.)

1.  Appeal—Parties, Transfer of Both Parties' Interest Pendente Lite, Affirmance as Remedy—Public Policy, Rule Re Transferee's Control of Suit.

Where, pending the action in the lower court, both of the original parties had, prior to the last trial below, ceased to be parties in interest in the subject matter of the suit, the Supreme Court will on appeal affirm the judgment below; it being against public policy to permit parties having no actual interest in a controversy, other than the costs, to further prosecute and defend an action; Sec. 2317, Code 1919, authorizing continuance of a suit after transfer of the subject matter in the name of original party, or by him to whom a transfer has been made, exists solely for benefit of transferee, not for benefit of assignor; transferee alone may elect as to whether after such transfer, suit shall be carried on in name of original party, or whether he will proceed as a substitute party in his own name.

2.  Parties—Interest in Costs, Whether Giving Right to Appeal.

A mere interest in the costs gives one no right to appeal in respect to matter in which he has no interest. So held, where appellant's only interest related to costs trial court might have erroneously adjudged against her; and while she might possibly have appealed from taxation of costs and from that part of judgment relating solely to costs, appellant here seeks reversal of entire judgment on the merits, in which he has no interest.

3.  Appeal—Parties—Foreclosure Sale, Sheriff's Deed on During Pendency of Suit Before Trial—Sheriff's Deed as Mortgagor's

Voluntary Conveyance, Effect of Deed Re Mortgagor-appellant—Both Parties' Transfer of Interest, Effect Re Transferee's Status as Litigant.

Where, pending a suit and before trial below, foreclosure sale was made of the property in controversy, followed by sheriff's deed, resulting in judgment appealed from, appellant, the mortgagor, lost all right to the property by virtue of the deed, issuance of which is treated as a voluntary conveyance of mortgaged premises by mortgagor, she having voluntarily executed the mortgage authorizing such foreclosure; and grantee in sheriff's deed took the entire interest therein, with right to continue the suit, and appellant-mortgagor lost all right to control or participate in the procedure; and, both original parties having transferred all interest therein to a bank (grantee in sheriff's deed), the bank became both plaintiff and defendant in the interest in litigation and could prosecute and carry on the suit in original parties' name without having itself substituted as a party. Therefore it is against public policy and a travesty on legal procedure to permit further prosecution of the suit; and while some causes of action survive transfers this is not one of them; this case differing from actions relating to deceased parties.

4. Same—State of Pleadings Re Parties, Immateriality of to Transferee—Plaintiff's Right by Supplementary Complaint, Against Defendant Transferee; Plaintiff's Transfer of Interest, Defendant's General Denial Applicable, Supplementary Denial Unnecessary.

In the present case, the state of pleadings is immaterial, as concerns the transferee bank; and under elementary rules of pleading and practice, where a defendant transfers his interest pendente lite, original plaintiff, in order to acquire jurisdiction over transferee's person, (if desired) must by supplementary complaint and procedure acquire such jurisdiction; but when a plaintiff pending suit transfers his interest before trial, original defendant, under a general denial and without supplementary answer, may on trial show transfer of interest by plaintiff, or title in the third party, as direct defense to plaintiff's right to recover. A supplementary general denial is unknown to law of pleading, defendant being permitted to show under general denial that at time of trial plaintiff is not then entitled to recover, by reason of his then having no title or right to subject matter of suit.

Whiting, J., and Polley, P. J., dissenting.

Appeal from Circuit Court, Brown County. Hon FRANK ANDERSON, Judge.

Action by Emma A. Cranmer, against Charles A. Howard and another as Howard & Hedger, D. E. Christian, and George

Bowles as Treasurer of the City of Aberdeen, South Dakota, to foreclose a mortgage on realty; the original plaintiff's interest in the litigation and the entire interest of the defendant, D. E. Christian, having been transferred, prior to the last trial of the case in lower court, to the First National Bank of Aberdeen. From a judgment for defendants, and from an order denying, a new trial, plaintiff appeals. Affirmed.

*Amos N. Goodman,* and *S. H. Cranmer,* for Appellant.

*Williamson, Williamson & Smith,* for Respondent.

McCOY, J.     There was judgment dismissing the action on the merits, at plaintiff's cost, and awarding costs to defendant, from which judgment plaintiff appeals.

The assignments of error raise the questions of sufficiency of the evidence to justify the findings of fact and conclusions of law; that the decision and judgment are against the law; errors of law occurring on the trial and excepted to by plaintiff; and error in overruling plaintiff's motion for new trial.

[1]     It appears from the record that this action has been pending since 1914, and has been before this court on a former occasion.     40 S. D. 202, 166 N. W. 1086.     The record now before us discloses the fact, that pending the action in the courts, both plaintiff and defendant, at the time the action was last tried in the lower court, had ceased to be parties in interest in the subject-matter of the action.     The entire interest of the original plaintiff, Emma A. Cranmer, and the entire interest of the original defendant, D. E. Christian, had been transferred to and was then solely in a third party, the First National Bank of Aberdeen. The respondent contends that as no real party in interest is now before the court the judgment appealed from should be affirmed. We are of the opinion that this contention is well taken.

It seems to be generally held to be against public policy to permit parties having no actual interest in a controversy other than costs to further prosecute and defend an action.     The provisions of the statute (section 2317, Rev. Code 1919) authorizing the continuance of a suit, after a transfer of the subject-matter, in the name of the original party, or by the person to whom a transfer has been made, exists solely for the benefit of the transferee, and not for the benefit of the assignor.     The transferee alone has the right to elect as to whether the action, after a

transfer of the subject-matter, shall be carried on in the name of the original party, or whether he will proceed as a substituted party in his own name.   The fact that after such transfer the action may be carried on in the name of the original party does not make such original party a party in interest that may thereafter in any manner control the procedure of the action.   In the case of Sykes v. Beck, 12 N. D. 242, 96 N. W. 844, the Supreme Court of North Dakota, under a like statute, said:

"The statute of California is substantially like our own.   It has been uniformly held in that state that, when the subject-matter of a pending action is transferred, it is the right of the transferee to prosecute and defend that action either in the name of the original party, or to request a substitution, and further, that the assignor pendente lite is, after the assignment, divested of further authority to control the action."

The decisions in the following cases sustain this rule:  Walker v. Felt, 54 Cal. 386; Crescent Co. v. Montgomery, 124 Cal. 142, 56 Pac. 797; Card v. Bird, 10 Paige (N. Y.) 426; Poundstone v. Baldwin, 145 Ind. 139, 44 N. E. 191; Moore v. Jenks, 173 Ill. 157, 50 N. E. 698; Studabaker v. Markley, 7 Ind. App. 368, 34 N. E. 606; Ried v. Vanderheyden, 5 Cow. (N. Y.) 719; Tuffree v. Stearns Ranchos Co., 124 Cal. 306, 57 Pac. 69; Ashby v. Winston, 26 Mo. 210; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839; 30 Cyc. 43.

[2, 3]  In Studabaker v. Markley, and in Ried v. Vanderheyden, the court, among other things, said, in substance, that a mere interest in the costs gives one no right to appeal in respect to matter in which he has no interest; that it would be a travesty on legal proceedings to say that a party who has no actual interest in a controversy other than costs may prosecute an appeal. In the case of Card v. Bird, it was held that a plaintiff who had parted with his interest pending suit had no right to object or to appeal from the decree subsequently entered.

The only possible interest the appellant could have in the pending action is in relation to costs that the trial court may erroneously have adjudged against her.   Appellant might possibly have appealed from the taxation of costs and from that part of judgment which alone related to costs.   But that is not what the appellant is seeking by this appeal.   Appellant is here seeking a

reversal of the entire judgment upon the merits, in which she clearly has no interest. By no assignment of error or otherwise has the appellant brought before this court on this appeal the question of the alleged error of the trial court in relation to costs. The record in this case shows beyond all doubt that the property in question, which is the subject-matter of this suit, was by the appellant voluntarily mortgaged to a third party, who, upon default being made in the terms of said mortgage, duly foreclosed said mortgage by action; that a foreclosure sale was made; that time for redemption expired; and that sheriff's deed issued all during the pendency of this suit, and before trial, which resulted in the judgment from which this appeal is taken. The issuance of a sheriff's deed and the passing of title thereby is treated as a voluntary conveyance of the mortgaged premises by the mortgagor, who voluntarily executed the mortgage authorizing a foreclosure sale on breach of the conditions contained in the mortgage.

By the sheriff's deed, all the right, title, and interest of the appellant in and to the subject-matter of this action became vested in the said First National Bank upon the issuance of said sheriff's deed, and which bank thereafter had the right to carry on this suit against the original plaintiff, or in its own name as a substituted party. After the issuance of said sheriff's deed, this appellant lost all right to control or take part in the procedure of this action. Thereafter the said bank, instead of prosecuting the suit against the original defendant, procured from her a deed of all her right, title, and interest in and to the subject-matter of this action, thereby completely uniting in said bank the opposing interest in the said subject-matter. Both the original opposing parties to this suit, pendente lite, transferred all their respective interest to the First National Bank. The said bank by such transfers became both plaintiff and defendant in the real and actual interest in the litigation, and had the right, if the case could be carried on at all, to carry on the same in the name of the original parties without actually having itself substituted as a party to the suit. Under the authorities cited, the said bank had the right to control the procedure on both sides of this legal controversy. Under these circumstances it is against public policy and is a travesty on legal procedure to permit the further carry-

ing on of this litigation in the courts.   It would be a judicial farce to reverse the judgment of the lower court and remand this cause for further consideration.. This action will not survive such transfers.   There are some causes of action that survive transfers.   But this is not one of them.   The law of survival of actions in relation to deceased parties in many cases has no application whatever to the survival of actions by reason of transfers of interest, there being well-grounded distinctions between such survivals.

[4]   Under the circumstances of this case, the state of the pleadings is wholly immaterial, as the bank, by reason of said transfers, had the right to control the pleadings on both sides without substitution of itself as a party.   Under elementary rules of pleading and practice, where a defendant transfers his interest pendente lite the original plaintiff in order to acquire jurisdiction over the person of the transferee, if he so desires, must, by supplementary complaint and procedure, acquire such jurisdiction.   But when a plaintiff transfers his interest in the subject-matter pending suit and before trial, the original defendant, under a general denial, and without supplementary answer may, on the trial, show transfer of interest by plaintiff, or title in a third party, as a direct defense to plaintiff's right to recover.   Bliss Code Pleading, § 328.   Pitts Ag. Works v. Young, 6 S. D. 557, 62 N. W. 432.   There is no such thing known to the law of pleading as a supplementary general denial, as the defendant is always permitted to show under his general denial that at the time of the trial plaintiff is not then entitled to recover, by reason of his then having no title or right to the subject-matter of the suit.

The appellant, not being a party in interest, has no right to object to or appeal from this judgment on the merits.   The judgment and order appealed from are affirmed.

WHITING, J. (dissenting.)   This action, as originally started, presented as the sole issue the validity of a tax deed held by defendants Howard and Hedger.   By supplemental answer, Christian became defendant, and claimed as the grantee of the other defendants.   The trial court erroneously held the tax deed valid.   Upon appeal we reversed such holding, and held the tax deed null and void, and remanded the case to the circuit court.

Upon the second trial, no additional pleadings were before the court; again the sole issue was the validity of the tax title. On this issue defendant Christian was, under our former decision, bound to fail, and upon such failure plaintiff would have been entitled to a judgment quieting her title, and for costs. Upon such trial, defendant sought to show that the title formerly held by the plaintiff had passed to a third person since commencement of this action, and sought to show this by offering in evidence a deed issued on a foreclosure sale. Could defendant, without a supplemental answer, prove that title had passed out of plaintiff? My colleagues take the position that, in an action of this kind, and under a general denial, a defendant may show want of title in the plaintiff. They have cited two authorities which do hold, and correctly, that, in an action of this kind, a defendant, under a general denial, may show want of title in plaintiff at the time issue was joined. But they have cited no decision, and I am certain none can be found, wherein it has been held that, under a general denial, a defendant can prove that a plaintiff has parted with his title since the issues were joined—in other words, I am of the opinion that a general denial cannot take the place of a supplemental answer.

My colleagues say, "There is no such thing known to the law of pleading as a supplementary general denial." Certainly there is not. A supplemental answer is allowed under § 2381, R. C. 1919, only, and can be allowed only for the purpose of presenting "new matter" and "new matter" can never be proven under a general denial; a supplemental answer could never be in the form of a general denial, any more than any other allegation in confession and avoidance.

In Raynor v. Timerson, 46 Barb. (N. Y.) 518, the court was considering an appeal in an ejectment action wherein the defendant had pleaded a general denial. It was held that under a general denial the defendant may show title out of the plaintiff at the commencement of the action.

In Johnson v. Briscoe, 92 Ind. 367, the court said:
"The only question presented by the petition is this: In an action of ejectment, can the defendant, under the general denial, avail himself of a defense not existing at the commencement of the suit?

"It was always a rule that under the original pleadings suits are determined upon the facts existing at their commencement.

"Therefore, in an action of ejectment at common law, it was held in Jackson v. Rice, 7 Johns. 194, that matter of defense occurring after suit brought was not available.

"The code has not changed the law in this respect. In Musselman v. Manly, 42 Ind. 462, this court said: 'Nor can a defendant set up a defense that did not exist at the commencement of the action.' See, also, Maxwell v. Boyne, 36 Ind. 120; Carr v. Ellis, 37 Ind. 465; Moore v. Worley, 24 Ind. 81.

"The code declares that a defendant, in an action to recover real estate, may give in evidence every defense that he may have, either legal or equitable. R. S. 1881, § 1055. But this does not change the rule under consideration, the defense to be thus given in evidence under the general denial must still be a defense existing at the commencement of the action. Matter of defense arising after suit brought is available only under section 399, R. S. 1881, which provides that the court, on motion, 'may * * * allow supplemental pleadings, showing facts which occurred after the former pleadings were filed.' This is a general provision governing all suits. If the defendant had a defense which arose after suit brought, he should have applied to the court for leave to file such a supplemental pleading, analogous to the old plea of puis darrein continuance, and under section 399, supra, that pleading could not have been a general denial, but must have been a special plea 'showing facts which occurred after the former pleadings were filed.'"

In McMinn v. O'Connor, 27 Cal. 238, we find a case where a defendant, under a general denial, offered in evidence a tax deed to himself, but of date subsequent to bringing of that action. It was objected to "on the ground that it could not be given in evidence without pleading it by supplemental answer." In sustaining the exclusion of this evidence, the court said:

"Facts which occur subsequent to filing an answer materially affecting the rights of the respective parties to the advantage of the defendant, and which, if in evidence, would necessarily change the result to the detriment of the plaintiff, should be embodied in

a supplemental answer to authorize evidence of them without the plaintiff's consent." Van Maren v. Johnson, 15 Cal. 311.

A case on all fours with this so far as concerns the introduction in evidence of the sheriff's deed is the case of Moss v. Shear, 30 Cal. 467. We quote from the decision:

"The defendant, for the purpose of showing that the plaintiff's right of possession had terminated since the commencement of the action, offered in evidence a certified copy of the record of a deed, dated April 25, 1862, purporting to convey the premises in question from the plaintiff to one J. B. Bayerque; to the introduction of which plaintiff objected, on the grounds, among others, that the deed having been executed since the commencement of the action, it is inadmissible under the pleadings; that it is immaterial and irrelevant to any issue joined."

"The rule has long been established in this state that mere denials only put in issue the allegations of the complaint, and that new matter must be specially pleaded. Piercy v. Sabin, 10 Cal. 22; Glazer v. Clift, 10 Cal. 304; Coles v. Soulsby, 21 Cal. 50. In the last case, Mr. Chief Justice Field says: 'In our practice, a denial, whether general or special, only puts in issue the allegations of the complaint. * * * New matter must be specially pleaded—and whatever admits that a cause of action, as stated in the complaint, once existed, but at the same time avoids it—that is, shows that it has ceased to exist—is new matter. It is that matter which the defendant must affirmatively establish.' This principle, in one form or another, has been repeated in many other cases, and it clearly applies to the case at bar. This defense assumes that, at the commencement of the action, the plaintiff had the title and the right of possession, but that his right has since terminated by his own act in conveying the land, and consequently the right of possession, to Bayerque. The defense itself arose since the institution of the suit. As it was not made to appear by the plaintiff, it was necessary for the defendant to show it affirmatively. Had the issue been made by the answer, the burden of proof would have been on the defendant. Clearly, under our system, it is not admissible under the mere denials of the allegations in the complaint. Such is clearly the understanding of our former Chief Justice, Field, for in the case of Hardy v. Johnson, 1 Wall. 374, in the Supreme Court of the United

States—a case precisely similar in principle, which went up from the state of California—he so expressly held, all the Justices concurring. He says: 'The complaint must allege the possession or seisin of the premises, or of some estate therein by the plaintiff, on some day to be stated, the subsequent entry of the defendant thereon, and his withholding the same from the plaintiff. A denial of its allegations puts in issue the title of the plaintiff at the date alleged, or at least his title at the commencement of the action. Any title acquired subsequent to the issue thus joined must be set up by a supplemental answer in the nature of a plea puis darrein continuance. No permission to file such supplemental answer was applied for, and there was no error in excluding the title subsequently acquired under the pleadings as they stood."

It seems, therefore, clear that the trial court erred in admitting the deed in evidence.

Defendant could no more prove, as a matter of defense, that she had conveyed her claimed interest. It follows that, under the issues presented by the pleadings, plaintiff was entitled to findings and judgment.

To summarize my views: The fact that these interests had merged was not provable as a matter of defense under the pleadings, and therefore, under the pleadings and the competent evidence, plaintiff was entitled to the judgment she asked for. Such judgment (quieting title as against the tax deed) would have redounded to the benefit of the holder of the foreclosure deed if such foreclosure did, in fact, cut off plaintiff's rights in the land. As soon as defendant supposed there had been a merger of interests, she might have brought this matter to plaintiff's attention, and have taken steps to stop further costs by moving the dismissal of the action because there remained but a moot question. On such a motion, the evidence of the facts showing merger would have been competent. On the hearing of the motion, the court could have dismissed the action with costs in favor of plaintiff. If plaintiff resisted such motion on the ground that she had not lost her rights through the foreclosure, the defendant, through proper supplemental answer, could have pleaded title in the third party, and, if successful on the trial, plaintiff would have been liable for the extra costs resulting from her opposition to the motion.

POLLEY, P. J., concurs in dissent.