**MENNO STATE BANK, a corporation,
Plaintiff and Appellee,**

v.

**CITY OF MENNO, South Dakota, a municipal corporation, Merritt E. Ulmer,
Annette C. Seydel, Edleen G. Ruff, Formerly Edleen G. Ulmer and Elsie Marie
Grow, formerly Elsie Marie De Camp,
Defendants and Appellants.**

No. 13468.

Supreme Court of South Dakota.

Argued March 22, 1982.

Decided May 5, 1982.

Ellsworth E. Evans and Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

Richard D. Hagerty, Yankton, for defendants and appellants.

MORGAN, Justice.

Edleen Ruff appeals from the denial of her motion to vacate a judgment issued after our remand in the case of *Menno State Bank v. City of Menno*, 297 N.W.2d 460 (S.D.1980). Since the filing of the motion to vacate and our remand, circumstances have arisen which dispose of this appeal.

On July 1, 1980, Edleen Ruff transferred her interest in property, which is the subject of this litigation, to Merritt and J. W. Ulmer. Four days later she died. At the hearing on the motion to vacate, appellee noted the death in the record by introducing a copy of the death certificate.

All civil actions must be prosecuted in the name of the real party in interest. SDCL 15–6–17(a). After death, the decedent is no longer a real party in interest. SDCL 15–4–1. Instead, the action can be maintained in the name of the decedent's successor in interest or the executor or administrator. *Id.*; SDCL 15–6–25(a)(1). Unless these persons are substituted for the decedent within ninety days of the date when death is suggested upon the record, the action is dismissed. SDCL 15–6–25(a)(1); Cf. *Ex Parte Connaway*, 178 U.S. 421, 430–34, 20 S.Ct. 951, 954–56, 44 L.Ed. 1134 (1900).

In the instant case, the death was noted on the record on December 11, 1980. At no time since that date has substitution for Edleen Ruff occurred. Although Edleen Ruff transferred her interest in the property before her death, she must exist at the time of trial for this case to benefit from SDCL 15–6–25(c) and permit Merritt Ulmer to prosecute the action in Edleen Ruff's name. Annot., 149 A.L.R. 829, 836; *See City of Sturgis v. Walker*, 79 S.D. 655, 116 N.W.2d 803, 806 (1962).

Although in *Cranmer v. Howard*, 45 S.D. 218, 183 N.W. 124, 125 (1921), this court affirmed the trial court where a real party in interest was lacking on appeal, we have since adopted the Federal Rule of Civil Procedure 25(a)(1).

Rule 25(a)(1), together with the present Rule 6(b) results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not

carried out within a fixed period .... The motion may not be made later than 90 days after service of the statement unless the period is extended pursuant to Rule 6(b) ....

Advisory Committee Comment, Fed.R. Civ.P. 25(a)(1). The record lacks a substitution motion or request for additional time. Since the time for these filings passed before this appeal, we dismiss the instant appeal.

All the Justices concur.