Ex Parte Myron E. TEEGARDIN,
Plaintiff and Appellant,

v.

NOILLIM ENTERPRISE, INC., a South
Dakota Corporation; Macon, Inc., a
South Dakota Corporation; Sheridan
Heights, Inc., a South Dakota Corpora-
tion; Knecht Industries, Inc., a South
Dakota Corporation; Knecht Lumber
Company; Street Heating and Sheet
Metal, Inc., a South Dakota Corpora-
tion; First Federal Savings and Loan
Association, a Federal Savings and
Loan Association; and Johnnie L.
Francis, Defendants and Appellees.

Nos. 14862, 14865.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1986.

Decided April 2, 1986.

Myron E. Teegardin, pro se.

J. Crisman Palmer, of Gunderson &
Palmer, W.A. McCullen of Bangs, McCul-
len, Butler, Foye & Simmons, Rapid City,
for defendants and appellees; Daniel E.
Ashmore, of Gunderson & Palmer, Rapid
City, on brief.

FOSHEIM, Chief Justice.

Myron Teegardin appeals from two dis-
missal orders. We reverse.

Myron and his wife Gloria filed suit on
February 5, 1982, against several contrac-
tors and financers and alleged they were
negligent in the construction of the cou-
ple's new home. Teegardins sought reim-
bursement for sums they expended in re-
placing the heating and cooling system,
correcting mistakes and finishing construc-
tion. Defendants Macon, Inc., Sheridan
Heights, Inc., Knecht Industries, Inc.,
Knecht Lumber Company, and Street Heat-
ing and Sheet Metal, Inc., all answered.
Nollim Enterprises, Inc., and Johnnie L.
Frances did not answer. Teegardins were
originally represented by Attorney Steven
Schwafel of Rapid City. On Teegardins'
behalf, Schwafel sought default against
non-answering Defendants and a jury trial
with those Defendants who answered.
This prompted a belated answer from De-
fendant-First Federal, four months after
the complaint was served.

The next action revealed in the record
was a notice on September 2, 1982, by First
Federal of its intent to depose Gloria. This
was followed by Myron's notice of his pro
se appearance and discharge of Schwafel,
filed March 8, 1984. Myron requested and
was granted leave to continue in forma
pauperis because he was an inmate in the

South Dakota penitentiary. Myron sent interrogatories to Gloria and some Defendants, requested production of documents, and sought joinder (as a plaintiff) of a corporation he and Gloria had formed which was headquartered in the new home. He then motioned to compel discovery and requested a default judgment and a judgment on the pleadings. Defendant-Street Heating eventually answered the interrogatories, objected to the joinder and request for default judgment, and motioned for dismissal. A hearing was scheduled for November 19, 1984, at Street Heating's request.

The record next shows a copy of a Quit Claim Deed dated September 22, 1982, transferring all of Myron's interest in the home to Gloria.[1]

In November, 1984, Myron again requested production of documents from Gloria and filed an affidavit which denied the validity of the quit claim deed, recognized that Gloria no longer wished to pursue the action, and stated that affiant wanted to continue his claims. He was denied permission to attend the hearing.

By letter opinion entered on November 21, 1984, the trial court judge recited the case history, denied Myron's various motions, and dismissed the suit against Street Heating. Other Defendants then paralleled Street Heating's action and sought dismissal of the suit against them. All argued that Myron no longer had an interest in the property since he had quit claimed it to Gloria and that Gloria no longer wished to pursue the action.

Another hearing was held and the action was dismissed in December, 1984, against remaining Defendants who had answered and motioned for dismissal. An order reflecting the decisions expressed in the letter opinion of November 21 was also filed.

This appeal by Myron is from the two dismissal orders (consolidated for appeal). No transcripts of either the November or December hearings are available. The trial court approved a statement of the proceedings filed by Myron pursuant to SDCL § 15–26A–54 and further noted that no testimony was received at either hearing.

■ Myron first argues that the trial court erred in ruling that attorney Schwafel withdrew from the case. He contends that provisions of SDCL § 16–18–31 were not followed and that no order was issued permitting Schwafel to withdraw.

There appears to be no merit to this argument. Myron admits in his motion to appear pro se that Schwafel was "discharged." Therefore, SDCL § 16–18–31, which requires a court order for an attorney to withdraw, is not applicable.

■ The heart of Myron's appeal is that he was improperly dismissed from the action. He denies the validity of the quit claim deed and claims the trial court erroneously deprived him of an opportunity to be heard.

Defendants Macon, Inc., Sheridan Heights, Inc., Knecht Industries, Inc., Knecht Lumber Company, Street Heating and Sheet Metal, Inc., and First Federal Savings and Loan Association, Respondents, essentially argue that the trial court properly dismissed the action because Myron transferred his interest in the property to Gloria, the only remaining real party in interest, SDCL § 15–6–17(a), and she no longer wishes to pursue the action. Relying on SDCL § 15–6–25(c),[2] they conclude that since Myron transferred his interest in the home after the action was commenced, the court in its discretion could dismiss him.

---

1. It appears from the record that Myron and Gloria are now divorced. There is no indication, however, that a transfer of the house or Myron's interest in this action was executed pursuant to any court order.

2. SDCL 15–6–25(c) provides:

In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in § 15–6–25(a).

Defendants' reliance on *Cranmer v. Howard*, 45 S.D. 218, 183 N.W. 124 (1921),[3] is misplaced. In *Cranmer*, this court said that a party having no actual interest in a controversy other than costs should not, for policy reasons, be allowed to continue prosecution. *Id.* at 220, 183 N.W. at 125. We distinguish *Cranmer* in two areas. First, *Cranmer* involved the validity of a sheriff's deed and so the property itself was the res and object of the litigation. *Id.* at 222, 183 N.W. at 126. In this case, the title to the property is not in question. Myron seeks reimbursement and damages for faulty and incomplete construction of a home. Second, the appellant in *Cranmer* was apparently out only court costs. *Id.* at 221, 183 N.W. at 125. Here, Myron seeks recovery for sums expended to repair and complete construction of the home.

As provided by SDCL § 43–25–8, the quit claim deed purports to do no more than transfer Myron's interest in the property— not his chose in action, which is the right to recover money by a judicial proceeding. SDCL §§ 43–42–1 and –2. Therefore, the dismissal order was erroneously entered and must be reversed.

Remand on this issue renders it unnecessary to address the other claims urged on appeal.

MORGAN and WUEST, JJ., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs with a writing.

SABERS, J., not having been a member of the Court at the time the action was submitted to the Court, did not participate.

HENDERSON, Justice (concurring).

I concur.

When Myron quitclaimed to his wife, he quitclaimed all right, title, and interest in and to specific real property, SDCL 43–25–8; thus, he did not assign whatever causes of action he might have against third par-

ties for damages arising from his ownership prior to his quitclaim. Questions concerning quitclaim deeds have arisen in this Court twice in the past three years. *Morrell Employees Fed. Cr. Union v. Mehlhaff*, 376 N.W.2d 59 (S.D.1985); *Preheim v. Ortman*, 331 N.W.2d 62 (S.D.1983). Quitclaim deeds release rights in real estate contracts, real estate purchase agreements, and contracts for deed, *as between the parties in privity*. This would not include actions against third parties for a breach of a construction contract or warranty on the home or real estate devised under the quitclaim deed.

---

3. This case was decided prior to South Dakota's adoption of SDCL § 15–6–25 (Rule 25). *See*

*Menno State Bank v. City of Menno*, 318 N.W.2d 914 (S.D.1982).